Hyatt, J.[After stating the facts.]
The defendants contend that the action abated on the death of *486 the plaintiff. While it is true that the action would not survive as against the defendants’ representatives in view of the fact that the same was penal in its character and the defendants tort-feasors, it does not follow that it abated on the death of the plaintiff, for, if the action is assignable, the plaintiff’s administrator can maintain it, and the cause of action survives.
This action was revived in favor of the executor of the deceased plaintiff. The general term of this court (May, 1885) has affirmed the order of revival.
This issue, therefore, as between the parties hereto, is res judicata.
There remains for consideration the question whether or not the report was filed in accordance with the requirements of section 12 of the General Manufacturing Act. Its provisions are too well known to require recital.
It appears to be the tendency of the court of appeals to give such a construction to the section as will do away with its technical requirements, if the substantial object of the section be complied with.— i. e., a report be filed, from and by which creditors who deal with the company may know its financial condition (Cameron v. Seaman, 69 N. Y. 396).
In the case at bar, a report was filed in the office of the clerk of New York county, on December 28, 1883. As far as the language of the act is concerned, the filing was nugatory ; but on January 2, 1884, it became effective as a filing within the provision of the act.
This principle has been frequently enunciated by the courts. In Hathaway v. Howell (54 N. Y. 97), two executions and a chattel mortgage were delivered to the sheriff and the county clerk respectively at the hours of 8 P. M. and 10 P. M. The court decided that such delivery and filing out of office hours was a nullity, but at 9 A. M. on the following day,—the hour legally fixed for the opening of the sheriffs’ and county *487 clerks’ offices,—they were legally and properly filed, and became of full force and effect. A judgment docketed out of office hours has been given effect and made a lien at the next office hours after such docketing (France v. Hamilton, 26 How. Pr. 180).
I am of the opinion that this report, filed December 38, 1883, became operative on January 2, 1884, and that the fact that it was published on December 22, 1883, is immaterial (Cameron v. Seaman, supra).
I do not think that the spirit of section 12 of said act has been violated in this case. There was a report of the condition of the company on file, to which creditors and all persons dealing with the “ New York Brewing Company ” might have access as to its financial condition. This is the end and purpose of this section (Cameron v. Seaman, supra), and this the “New York Brewing Company ” did.
If this view of the law is error, and I have misapprehended its expression by the court of appeals, even then I fail to see how the plaintiff can recover in this action. In my judgment the signing of the aforementioned agreement is a bar to a recovery.
It is a well settled. principle that when A. and B. contract for the benefit of C., the latter has an interest in the contract which will enable him to maintain an action. The plaintiff, in agreeing with the defendants to surrender his claim against the “New York Brewing Company” if Hamilton would turn over the property bought under the executions against said company to the “ New York Brewing Company of the city of New York” (the proposed new organization), and Hamilton having performed his part of the agreement, by turning over such property,—the “New York Brewing Company” (the existing corporation) as the party to be benefited under the contract, the plaintiff’s claim against it being thereby satisfied and paid, has the right to use the said agreement as a defense to *488 the assertion of this claim. And as- the trustees may make any defense the “New York Brewing Company” might have made, they have a right to set it up as a bar (62 N. Y. 202).
It follows therefore that the complaint should be dismissed.
Judgment for the defendants accordingly.