THE CINCINNATI COOPERAGE COMPANY, RESPONDENT, *v.* MICHAEL O'KEEFE AND OTHERS, APPELLANTS.

*Manufacturing corporations* — 1848, *chap.* 40, *sec.* 12 — *the report to be made thereunder must be made and filed after January first.*

The report which is by section 12 of chapter 40 of 1848, required to be made by corporations created thereunder within twenty days from the first day of January in each year, must be made, filed and published within the twenty days which follow the first day of January, and the requirement of the statute is not satisfied by a filing and publication in the month of December preceding.

APPEAL from a judgment in favor of the plaintiff, entered upon the trial of this action by the court without a jury.

The plaintiff is an Ohio corporation. The New York Brewing Company during the years 1883 and 1884 was a domestic corpora-

tion created and existing under the laws of the State of New York for the formation of corporations for manufacturing, mining and other purposes. During the said years the defendants were the trustees of the said New York company. In the year 1884, and prior to the 19th of February of that year, the plaintiff sold and delivered to the New York Brewing Company goods to the amount of $1,015, for which the company gave the plaintiffs their note, dated February 19, 1884, payable three months after date. At the time of the making of said note, and at the maturity thereof, the defendants were still the trustees of the Brewing Company. The note, although long past due, has never been paid. On the 1st day of January, 1884, more than a year had elapsed from the time of the filing of the certificate of incorporation of the New York Brewing Company, which company did not, nor did the defendants nor any of them within twenty days from or after the 1st day of January, 1884, or at any time thereafter, make a report stating the amount of the capital of said company or of the proportion actually paid in, or of the amount of its existing debts, nor did they at any time after the 1st of January, 1884, publish such a report or file the same in the office of the clerk of any county in the State of New York. On the 22d of December, 1883, such a report dated on the 21st of December, 1883, signed by the defendants, was published in the New York World, and on the 28th of December, 1883, filed in the office of the clerk of the city and county of New York. The plaintiff upon this state of facts, having brought its action against the trustees to recover its claim for a failure to file such report, judgment was rendered in its favor, and from such judgment this appeal is taken.

*Michael M. Forrest,* for the appellants.

*Samuel Untermeyer,* for the respondent.

VAN BRUNT, P. J.:

The question involved in this case is whether the provisions of the statute requiring every company incorporated under the manufacturing act of 1848 within twenty days from the first day of January to make a report which shall be published and filed, authorizes the making, filing and publishing of such report within

twenty days before the first day of January, as well as within twenty days after the first of January.

For the solution of this question, it is possible to refer with entire confidence to the opinion of the learned justice who tried this case in the court below, by whom it was held that the reasonable construction of the act was that the publishing and filing must be done within twenty days after the first of January; and that this requirement is not satisfied by a filing in the month of December previous, although done within twenty days before the first of January. It is to be observed that the intention of the legislature was to require each corporation, at fixed periods, to give a history of its condition, in order that creditors might ascertain the same and enter into engagements with such corporation, upon the information furnished by the statement required by law.

In the case of *Cameron* v. *Seaman* (69 N. Y., 396), it is assumed by the Court of Appeals that there is no question upon this subject, and Mr. Justice ANDREWS, who wrote the opinion of the court, says:

"The statute intended to give the companies twenty days after the first day of January, in each year, to make up their accounts and prepare the statement to be embodied in the report. * * * The law implies, in the absence of an express provision on the subject, that the filing and publication must be within a reasonable time after the twenty days, and this requirement, in view of the object of the statute, could only be satisfied by prompt performance and diligent action on the part of the trustees."

This construction was based upon what the court deemed to be the general purpose of the section, namely: To provide authentic information to creditors of the company, and those who might have dealings with it, of its financial condition, at fixed recurring periods, so as to enable them to act intelligently in their transactions with the corporation.

The claim that the report having been filed on the twenty-eighth of December was on file during the first twenty days following the first of January, and therefore complied with the law, is clearly untenable in view of the decision in *Cameron* v. *Seaman* (*supra*). That case holds that the report must be made within the twenty days following the first of January, although it may be filed and published within a reasonable time thereafter. The requirement of

the statute is explicit as to the making, but is somewhat indefinite in regard to the filing and publishing. This report, therefore, not having been made within twenty days after the first of January, did not comply with the statute, and the judgment must be affirmed, with costs.

BRADY and DANIELS, JJ., concurred.

Judgment affirmed with costs.