Van Brunt, P. J.
The question involved in this case is whether the provisions of the statute requiring every company incorporated under the Manufacturing Act of 1848 within twenty days from the 1st day of January to make a report, which shall be published and filed, authorizes the making, filing and publishing of such report within twenty days before the 1st day of January, as well as within twenty days after the 1st of January.
For the solution of this question it is possible' to refer with entire confidence to the opinion of the learned justice who tried this case in the court below, by whom it was ¡held that the reasonable construction of the act was that *465 the publishing and filing must be done within twenty days after the first of January; and that this requirement is not satisfied by a filing in the month of December previous, although done within twenty days before the first of January. It is to be observed that the intention of the legislature was to require such corporation at fixed periods to give a history of their condition in order that creditors might ascertain the same and enter into engagements with such corporation upon the information furnished by the statement required by law.
In the case of Cameron v. Seaman (69 N. Y., 396), it is assumed by the court of appeals that there is no question upon this subject, and Mr. Justice Andrews, who wrote the opinion of the court, says:
“ The statute intended to give the companies twenty days after the first day of January in each year to make up their accounts and prepare the statement to be embodied in the report. The law implies, in the absence of any express provision on the subject, that the filing and publication must be within a reasonable time after the twenty days, and this requirement in view of the object of the statute could only be satisfied by the prompt performance and diligent action on the part of the trustees.” This construction was based upon what the court deemed to be the general purpose of the section namely: To provide authentic information to creditors of the company and those who might have dealings with it, of its financial condition at fixed recurring periods, so as to enable them to act intelligently in their transactions with the corporation.
The claim that the report having been filed on the twenty-eighth of December, was on file during the first twenty days following the first of January, and therefore complied with the law, is clearly untenable in view of the decision in Cameron v. Seaman (supra). That case holds that the report must be made within the twenty days following the first of January, although it may be filed and published within a reasonable time thereafter. The requirement of the statute is explicit as to the making, but is somewhat indefinite in regard to the fifing and publishing. This report, therefore, not having been made within twenty days after the first of January, did not comply with the statute, and the judgment must be affirmed, with costs.
Daniels and Brady, JJ., concur.