THE CINCINNATI COOPERAGE COMPANY, Respondent, *v.* MICHAEL O'KEEFFE et al., Appellants.

The provision of the General Manufacturing Act (§ 12, chap. 40, Laws of 1848), requiring every company organized thereunder, within twenty days from the first day of January in each year, to make and file a report as prescribed, is not complied with by making and filing a report

within twenty days before the first of January, although it is regular in other respects; the report must be made within the first twenty days of January in each year.

Good faith on the part of the directors in thus making and filing the report prematurely is no defense to the liability imposed upon them for non-compliance with said provision.

Reported below, 44 Hun, 64.

(Argued June 10, 1890; decided June 27, 1890.)

Appeal from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made March 31, 1887, which affirmed a judgment in favor of plaintiff entered upon the decision of the court on trial at circuit without a jury.

Between December 31, 1883, and February 19, 1884, the plaintiff sold and delivered barrels and kegs at the agreed price of $1,015 to the New York Brewing Company (a corporation incorporated prior to January 1, 1883, under chapter 40 of the Laws of 1848, and the acts amendatory thereof and supplementary thereto), for which it gave the plaintiff its promissory note, dated February 19, 1884, and payable three months after date, which remains unpaid.

During 1883 and 1884 the defendants were the trustees of this corporation, and August 10, 1884, this action was begun to recover the debt from them because of their failure to comply with section 12, chapter 40 of the Laws of 1848, which provides: "§ 12. Every such company shall, within twenty days from the first day of January, if a year from the time of the filing of the certificate of incorporation shall then have expired, and if so long a time shall not have expired, then within twenty days from the first day of January in each year, after the expiration of a year from the time of filing such certificate, make a report, which shall be published in some newspaper published in the town, city or village where the business of the company is carried on, which shall state the amount of capital and the proportion actually paid in, and the amount of its existing debts, which report shall be signed by the president and a majority of the trustees, and shall be

verified by the oath of the president or secretary of such company, and filed in the office of the clerk of the county where the business of the company shall be carried on; and if any of said companies shall fail so to do, all the trustees of the company shall be jointly and severally liable for all the debts of the company then existing."

*Charles I. McBurney* for appellants. The court is to ascertain the ordinary signification of the words and the substantial purpose of the statute; and if the case at bar falls without either the letter or spirit of the law, the defendants are to be acquitted. (Maxwell on Int. of Stat. 320; *Chase* v. *N. Y. C. R. R. Co.,* 26 N. Y. 525; *Engel* v. *Fischer,* 15 Abb. [N. C.] 72; *Fletcher* v. *Lord Sondes,* 3 Bing. 580; *People ex rel.* v. *Comr. of Taxes,* 95 N. Y. 554; *People* v. *N. Y. C. R. R. Co.,* 13 id. 78; *People ex rel.* v. *Lacombe,* 99 id. 43; *Burch* v. *Newberry,* 10 id. 374; *Steamer Enterprise,* 1 Paine, 33, 34; *Van Dyck* v. *McQuade,* 86 N. Y. 38; *Olcott* v. *T. R. R. Co.,* 20 N. Y. 210; *Chase* v. *Lord,* 77 id. 1; Potter's Dwarris on Stat. 245; *Hintermister* v. *F. Nat. Bk.,* 64 N. Y. 212.) The words "within twenty days from the first day of January in each year" admit of a construction which will exonerate the defendants, and the statute, being highly penal, should be construed accordingly. (*Miller* v. *White,* 50 N. Y. 137; *Garsden* v. *Woodward,* 103 id. 242; *McHarg* v. *Eastman,* 7 Robt. 137; Dwarris on Stat. 634; Sedg. on Con. Stat. 282; *Schooner Industry,* 1 Gall. 114; *Schooner Enterprise,* 1 Paine, 33, 34; *Cameron* v. *Seaman,* 69 N. Y. 403; *Wallace* v. *Walsh,* 23 N. Y. S. R. 641.) The defendants, if within the letter of the law, lie without its spirit, and a penalty should not be imposed. (*S. & H. Q. Co.* v. *Bliss,* 27 N. Y. 297; *Boughton* v. *Otis,* 21 id. 261; *Vincent* v. *Sand,* 1 J. & S. 511; *McHarg* v. *Eastman,* 4 Robt. 635; *Metcalf* v. *Mayor, etc.,* 17 N. Y. S. R. 97; *Butler* v. *Smalley,* 101 N. Y. 71.) The making, filing and publication of the report, if premature when done, became operative and effectual on the 2d day of

January, 1884. (*Hathaway* v. *Howell*, 54 N. Y. 97 ; *France* v. *Hamilton*. 26 How. 180.)

*Samuel Untermyer* for respondent. The publication of a report of the New York Brewing Company on December 22, 1883, and its filing on the 28th day of December, 1883, was not a compliance with the statute requiring the report to be filed within twenty days from the 1st day of January, 1884. (Laws of 1848, chap. 40, § 12 ; Laws of 1885, chap. 510 ; *Cameron* v. *Seaman*, 69 N. Y. 396 ; *Boughton* v. *Otis*, 21 id. 261 ; *Guggenheimer* v. *O'Keiffe*, 1 N. Y. S. R. 295.)

Follett, Ch. J. It is conceded by the parties and found as a fact that no report was made, filed or published in January, 1884, but that one was made and verified in the form prescribed by the section on the 21st day of December, 1883, was published the next day in a newspaper printed in the city wherein the business of the corporation was carried on, and filed in the office of the clerk of the proper county on the twenty-eighth day of same month, which the defendants assert was a compliance with the section. Otherwise stated, the defendants' position is that the section may be complied with by making a report within twenty days before or after the first day of January. This precise question has not been determined by the courts of this state in a reported case, except in the case at bar and in *Guggenheimer* v. *O'Keiffe* (1 N. Y. S. R. 295), but we think that the general understanding of the bench and bar has been that such reports must be made in the month of January in each year. In *Boughton* v. *Otis* (21 N. Y. 261), Judge Denio said : "There is an implication in the section of the statute, under which it is sought to charge the defendant, that the report which ought to be made within the *first twenty days of January in each year* may be made afterward, so as to prevent further liability from attaching." In *Bolen* v. *Crosby* (49 N. Y. 183), Judge Allen said : " Upon default of any company in making the report for more than *twenty days after the first of Jan-*

*uary in any year*, the trustees are made jointly and severally liable for all the debts of the company then existing, or that shall be contracted before such report shall be made." In *Cameron* v. *Seaman* (69 N. Y. 396), Judge ANDREWS said: "The statute intended to give the companies *twenty days after the first day of January in each year* to make up their accounts and prepare the statement to be embodied in the report."

If the defendants' contention is to prevail, and "from" is given the signification of the word "of," instead of "after," corporations will have forty days instead of twenty in which to make their reports, and it would be possible to comply with the section without filing a report "in each year." For example, a report made in the last twenty days of December, 1883, and the next in January, 1885, before the expiration of twenty days from the first day, would have been a compliance with the section though none was made in the year 1884, and so a report made during the last twenty days of December, 1885, which would make two reports in that calendar year, and the next one made in January, 1887, would, under such a construction of the statute, have been a compliance with it. We think this construction would lead to a result not contemplated by the law-making power, and that the legislature intended that the reports called for by the section should be made in January in each calendar year, and within twenty days from the first day.

It is urged in behalf of these defendants that in making, filing and publishing their report in December they acted in good faith and for that reason should not be subjected to the liability imposed by the statute. If personal good faith can be successfully interposed as a defense to the liability imposed for violating this statute, no general rule for the protection of the public, no matter how plainly written in a statute, could be enforced, for the question would always be, not was the statute violated, but was wrong intended by its violator. The requirement is a wise one designed for the protection of all having occasion to deal with such corporations and it should not be frittered away by strained or over-indulgent construction.

The contention that a correct report having been filed in December, which remained on file in January and was then true, is a compliance with the statute is untenable. It might as well be argued that a correct report made and filed in November, or in any other preceding month, and remaining on file in January, and true, would be a compliance with the section.

The judgment should be affirmed, with costs.

All concur, except Vann and Haight, JJ., dissenting.

Judgment affirmed.