### WHITNEY v. CAMMANN et al.

*(Superior Court of New York City, General Term.   March 14, 1892.)*

**1. CORPORATIONS—PERSONAL LIABILITY OF TRUSTEES—FAILURE TO MAKE REPORT.**

In an action against the trustees of a manufacturing corporation under Laws N. Y. 1875, c. 510, to subject them to personal liability for failure to file in the clerk's office of the county "where the business of the company is carried on," within 20 days from the expiration of the year, a report of the affairs of the company, it appeared that the business of the company had been stopped by an injunction, which was still in force, but no such defense was set up in the answer, and it did not appear from the evidence what the nature and scope of the injunction was. *Held*, that the court, under such circumstances, could not consider the question whether the existence of the injunction constituted a defense.

**2. SAME—SUBSTANTIAL COMPLIANCE WITH STATUTE.**

While it appeared from decisions of the court of appeals that substantial instead of literal compliance with the requirement as to the filing of the report would be sufficient,—as, where the report was filed within a few days after the prescribed time,—yet a failure to comply with the statute for a year clearly brings the trustees within the mischief of the statute, and subjects them to the personal liability imposed.

**3. SAME—PUBLICATION IN WALL STREET NEWS.**

The further provision of the statute that the report "shall be published in some newspaper published in the town, city, or village where the business of the company is carried on," was not complied with, where the business was carried on in New York county, by publication of the report in the Wall Street News, an obscure paper, of small circulation, published in New York county.

Exceptions from jury term.

Action by James A. Whitney against Charles L. Cammann, Harry B. Hollins, and Henry W. T. Mali. A verdict for plaintiff was directed at the trial, and defendants move for a new trial on exceptions ordered to be heard in the first instance at general term. Exceptions overruled.

Argued before SEDGWICK, C. J., and DUGRO and GILDERSLEEVE, JJ.

*R. H. Channing,* for plaintiff.  *A. P. W. Seaman,* for defendants Cammann and Mali.  *Lowrey, Stone & Auerbach,* for defendant Hollins.

GILDERSLEEVE, J.  This action is brought to recover against the defendants, as trustees of a manufacturing corporation, organized in October, 1884, under the act of 1848, as amended by chapter 510 of the Laws of 1875, a debt due to the plaintiff from said corporation for professional services, contracted for in November, 1886, and rendered between February 17, 1888, and January 1, 1889.  The plaintiff claims that the defendants are individually liable for the said debt of the corporation, for the reason that the corporation failed to file, within the 20 days following January 1, 1888, or at any time thereafter and prior to January 21, 1889, the annual report required by section 12 of said act to be filed in the clerk's office of the county in which its business was then carried on.  It is conceded that the defendants were all trustees of the corporation from 1885 down to March, 1889.  The uncontradicted evidence shows that the plaintiff's services, for which the company became indebted, were all rendered and became an obligation against the company between February 17, 1888, and January, 1889, and that the sum claimed in this action therefor is all due and unpaid.  The defendants' counsel urges in his brief that, inasmuch as the report was duly made on the 20th day of January, 1888, and published in the Wall Street Daily News on January 21, 1888, the trustees are not liable because of the failure to file said report, for the reason that they were not carrying on business at that time in the United States, being under an injunction; and therefore that they were not obliged to file their report in the office of the clerk of any county.  The statute required them to file the report "in the office of the clerk of the county where,

the business shall be carried on." The answers admit that the report was not filed in the office of the clerk of the city and county of New York, "which was the county where the business of the said company has always been carried on." The claim that the company was under an injunction is not set up in any of the answers, or interposed as a defense in the action. The only evidence on the subject is the statement of the plaintiff himself that the corporation was under a preliminary injunction when he first came into its employment, in 1886, and that the injunction was never discharged. What the nature of the injunction was, or what was its scope, does not appear, and the evidence on the subject is too meager to be taken into consideration, especially as it was not set up in the answers or interposed as a defense.

It is true that the court of appeals have held, in the case of *Kirkland* v. *Kille,* 99 N. Y. 390, 2 N. E. Rep. 36, that where a corporation organized under this act has never in fact commenced business; and, before the time prescribed for making such a report has elapsed, the object for which it is formed becomes impossible for it to accomplish; and there is neither ability nor intention on its part at any time to prosecute its business,—it is not required to make such report, and its trustees are not liable to creditors because of its failure so to do. But this does not apply to the case at bar, for there is no evidence or claim that the defendants' corporation has not commenced business in the city of New York, or that it has no intention at any time to prosecute the same, even assuming that it was or is temporarily unable to do so. It was conceded upon the argument that the annual report for the year next preceding the year in question was duly filed. But, as we have said, the evidence is not sufficiently definite to warrant us in taking this question into serious consideration, in view of the fact that it was not set up as a defense. The defendants concede that the report was not filed at any time during the year 1888, and prior to January 21, 1889; but they allege that the report was duly made on January 20, 1888, and published on January 21, 1888, which allegations are abundantly sustained by the evidence. The question here presented is, was the making and publishing a substantial compliance with the requirements of the statute, such a compliance as prevents the penalty which the statute provides from attaching to the trustees? Section 12 of the manufacturing act of 1848, as amended by chapter 510 of the Laws of 1875, under which the defendants' liability is alleged to have arisen, is as follows: "Every such company shall, within twenty days from the first day of January, if a year from the time of the filing of the certificate of incorporation shall then have expired, and, if so long a time shall not have expired, then within twenty days from the first day of January in each year after the expiration of a year from the time of filing such certificate, make a report, which shall be published in some newspaper published in the town, city, or village where the business of the company is carried on, which shall state the amount of capital and the proportion actually paid in, and the amount of its existing debts, which report shall be signed by the president and a majority of the trustees, and shall be verified by the oath of the president or secretary of such company, and filed in the office of the clerk of the county where the business of the company shall be carried on; and, if any of said company shall fail so to do, all the trustees of the company shall be jointly and severally liable for all debts of the company then existing, and for all that shall be contracted before such report shall be made." The statute makes the trustees personally liable for all debts existing at the time of the failure of the corporation to make its report, and for all debts "that shall be contracted before such report is made." The corporation is at liberty to make, publish, and file its report at a time subsequent to the time required; and when it has so done the liability of the trustees ceases for all debts contracted subsequently to such time, but they are still liable for all debts existing up to the time of such filing of the report. See *Broughton* v. *Otis,* 21 N. Y. 266. The court of appeals in that case, as

we understand it, did not hold the theory advanced by the counsel for the defendants herein,—that the personal liability of the trustees ceases upon the mere making of the report; but, on the contrary, the court specifically asserts that the trustees "are chargeable with all prior debts, and all those contracted during the twenty days, (the first twenty days of January;) but their hands are not so tied but that they may stop the incurring of further liability by filing the report after the time when it ought to have been done."

We can find no authority for the contention of the defendants that the statute under consideration simply implies a duty or an obligation on the part of the corporation to file and publish, and imposes no penalty for a failure to do so. The cases relied upon by the learned counsel for the defendants to sustain this contention are *Cameron* v. *Seaman*, 69 N. Y. 396, and *Butler* v. *Smalley*, 101 N. Y. 72, 4 N. E. Rep. 104. While it may be fairly claimed, under these authorities, that the language of the statute, requiring publication and filing within the 20 days, is simply directive, the court of appeals in these cases clearly recognizes and adjudges that the statute is mandatory in the sense of making it an imperative duty of corporations to substantially comply with its terms by publishing and filing within the 20 days, or as soon thereafter as both acts can be done by prompt performance and diligent action on the part of the trustees. In *Cameron* v. *Seaman, supra*, the trustees duly prepared and signed the annual report. On January 20th, it was verified by the president, and on the same day sent by mail to the clerk of the county to be filed. The clerk received and filed it on the 22d day of January. The trustees also, on the 21st day of January, sent a copy of the report by mail to a lawful newspaper for publication, and it was published therein on the 24th day of January. It will be seen that all the acts necessary to an avoidance of the penalty were performed, but that the filing was two days beyond the time prescribed by law, and the publication four days. ANDREWS, J., in delivering the opinion of the court, says: "The statute must have a fair and reasonable interpretation, and effect must be given to it according to the intention of the legislature, as indicated in the language used. The language is not to be wrested from its meaning to protect trustees against liability, however serious, to which they may be exposed; and, on the other hand, the statute, being in the nature of a penal statute, is to be strictly construed, and cannot be extended beyond the clear import of its language. Smith, Const. Const. 854; *Garrison* v. *Howe*, 17 N. Y. 458; *Cheese Co.* v. *Murtaugh*, 50 N. Y. 314. * * * We are of opinion that the words 'make a report' in this section refer to the preparation, signing, and verification of the report, and that the limitation of the twenty days does not apply to the acts of filing or publication; * * * that the filing and publication must be within a reasonable time after the twenty days; and this requirement, in view of the object of the statute, could only be satisfied by prompt performance and diligent action on the part of the trustees." In *Butler* v. *Smalley, supra*, the trustees met the requirements of the statute, except as to the filing, which was not done until February 13th, 24 days after the time prescribed. DANFORTH, J., delivering the opinion of the court, states with approval the rule laid down in *Cameron* v. *Seaman*, above quoted, and characterizes it "as most consistent with reason and a due regard to convenience and justice." In this case it is held that it is enough that the report be filed within a reasonable time after the expiration of the 20 days; and also that, "in the absence of anything to show the want of good faith and active diligence in respect thereto on his part, the trustee, when no time is fixed by the statute within which an act shall be performed, should not be subjected to a penalty, provided the thing required is actually done at a reasonable time, having regard to the nature and circumstances of the performance." In the case at bar there was a total failure of the corporation to comply with the law, in that it filed no report within 20 days after the 1st of January, 1888, or at any time

during that year, or prior to the 21st day of January, 1889; and by reason of such default the defendants are clearly brought within the mischief at which the act is aimed, and incurred the statutory liability provided therefor.

Each requirement of the statute appears to be a part of the whole scheme devised for the protection of those dealing with corporations. The failure to which the penalty attaches is not only the making, but the publishing and filing, of the report. The manifest intent of the legislative act under consideration is to prevent concealment, and to insure the utmost publicity, as to the corporate resources and liabilities. No other construction than the one here given will carry out the intent of the act. The publication in an obscure paper of small circulation and seldom met, though a strict compliance with the law in that particular, furnishes little information to creditors of the company and those who might have dealings with it of its financial condition, at fixed annual periods, to enable them to act advisedly in their corporations and obligation of giving to the business community an opportunity to get the information that their annual reports furnish by an examination of the files in the offices of the clerks of the respective counties of the state, within a reasonable time after the expiration of the 20 days. There was no error in the admission or exclusion of evidence that requires consideration here. The trial judge was justified in permitting the plaintiff to testify as to the number of hours of service that he had rendered the corporation from recollection, refreshed, as it had been, by reference to original memoranda, made by him, or at his direction, at the respective times of the rendition of such service, and which memoranda he knew were correct when made. See *Bigelow* v. *Hall,* 91 N. Y. 145; *Mayor* v. *Railroad Co.,* 102 N. Y. 578, 7 N. E. Rep. 905. And, indeed, the book itself, supplemented by plaintiff's testimony, would have been admissible to prove such fact. See *Taggart* v. *Fox,* 11 Daly, 159; *Bank* v. *Madden,* 114 N. Y. 280, 21 N. E. Rep. 408. For the reasons above indicated defendants' motion for a new trial must be denied, and judgment must be ordered for the plaintiff upon the verdict, with costs. All concur.