(36 App. Div. 152.)

### AMERICAN GROCERY CO. v. PRATT et al.

(Supreme Court, Appellate Division, First Department.    January 20, 1899.)

CORPORATIONS—ANNUAL FINANCIAL STATEMENT—DATE.

    A corporation filed its statutory annual report on January 16th, verified on January 13th, stating that the amount of capital stock and the proportion paid in, the amount and general nature of existing assets and debts and receipts and expenditures "during the year ending December 31, 1891," no dividend having been declared "during the said year," and the names of its "then" stockholders, were as the statement following showed. Reference was made to "receipts during the year" and "expenditures during the year." *Held* to be a statement as of the 1st day of January, within Laws 1890, c. 564, § 30, Laws 1892, c. 2, § 1, and Id. c. 688, § 30, requiring annual reports of corporations to be made as of the 1st day of January of each year.

Appeal from trial term, New York county.

Action by the American Grocery Company against Charles M. Pratt, impleaded with others.    From a judgment dismissing the complaint, plaintiff appeals.    Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, PATTERSON, and O'BRIEN, JJ.

D. M. Porter, for appellant.
Lewis Cass Ledyard, for respondents.

BARRETT, J.    This is an action to recover from the directors of a corporation known as the United States & Brazil Steamship Company a debt due by that corporation to the plaintiff.    The action is based upon an alleged failure on the part of these directors to file an annual report for the year 1891, as required by the statute.    See Laws 1890, c. 564, § 30; Laws 1892, c. 2, § 1; and Id. c. 688, § 30.    A report was filed by the directors upon the 16th day of January, 1892. This report was, as said in Arms Co. v. Barlow, 63 N. Y. 67, "professedly in compliance with the statute."    It was verified on the 13th day of the same month.    It was also dated in January, 1892, though there appears in this latter connection to be a blank in the space where the particular day of the month should appear.    The plaintiff claims that this report, thus dated, verified, and filed, does not comply with the statutory requirements, in that it fails to state that it is made "as of the first day of January."    It is immaterial upon this head which of the above-cited statutes governed when the report was filed, as they all require the making of "a report as of the first day of January."    The statutory language upon which the present question depends is this: "Every stock corporation  *  *  *  shall annually, within twenty days after the first day of January,  *  *  * make a report as of the first day of January, which shall state" certain enumerated facts.    These facts were stated in the report here filed; and we think, upon a fair construction of its language, they were so stated as of the prescribed date.    The act requires the corporation to make the report as of the 1st day of January, but no formula is prescribed on this head.    It is not required to state literally, in the precise words of the state, that the report is made as of the 1st day of January.    The statute is complied with when, by fair

intendment, the report speaks as of the prescribed date. It was said in Arms Co. v. Barlow, supra, speaking of such reports as this, that "the facts need not necessarily be stated with technical or grammatical precision and accuracy, but they must substantially appear."

Let us now look at the language of the report under consideration. It reads as follows:

"That the amount of capital stock of said company, and the proportion actually paid in, the amount, and, in general terms, the nature of its existing assets and debts, and of its receipts and expenditures during the year ending December 31, 1891, no dividends having been declared during said year, and the names of its then stockholders, are as follows."

The figures and statistics are then appended. This, it will be observed, speaks in terms of the year ending December 31, 1891, and thus, by just implication, of the commencement of the new year. The condition of the company when the 1st day of January, 1892, came in, was necessarily its condition when the 31st day of December, 1891, went out. It is true that the words "during the year ending December 31, 1891," in their immediate connection refer to the receipts and expenditures of the company. They, however, characterize the context, and indicate its intention and meaning. The entire statement plainly related to the preceding year, and to the condition of the company at its termination. Immediately after the words "during the year ending December 31, 1891," we also find this expression: "no dividends having been declared during said year." During what year was during this "said year"? Clearly, during the year ending December 31, 1891. And, again, we find this expression: "and the names of its then stockholders are as follows." Here we have the directors deposing in the present, not with regard to the stockholders of an indefinite past, but to those of a concrete present. Its "then" stockholders were plainly those who were such at the end of December, 1891, and consequently at the commencement of January, 1892; that is, its stockholders then,—when "the year ending December 31, 1891," passed into the year commencing January 1, 1892. Further on in the statement, too, we find a specification of what is styled the "receipts during the year" and of the "expenditures during the year." The report throughout could not well speak as of the 1st of January any more emphatically than it does, unless it had said in so many words: "Each fact herein reported is so reported as such fact existed on the 1st day of January, 1892;" and that, in such literal terms, the statute does not require. But the language employed would, as was said in Bonnell v. Griswold, 80 N. Y. 134, "be no stronger or more intelligible if it had used the very words of the statute." We think, therefore, that the requisite facts were here stated with sufficient distinctness as existing facts upon the 1st day of January, 1892; and that, if such facts, as thus stated, did not exist upon that day, the directors who signed and verified this report would have been liable for perjury. The report was made "professedly in compliance with the statute," which required that it should be made as of the 1st day of January,—a circumstance which, though not controlling, bears upon the import of the language used. This report, thus professedly in compliance with the statute, stated every fact which the statute required it to

state; it stated such facts as of no other specified date than that called for by the statute; and it so stated such facts in language which negatived any other save the statutory date.    Upon an indictment for the perjury above suggested, the directors could not escape upon the pretense that, in preparing, signing, and verifying such a report, under such circumstances, their minds were running upon a period anterior to the 1st of January, or that they intended to speak as of any other than the statutory date.    The judgment appealed from was therefore right, and should be affirmed, with costs.    All concur.

