LILIENTHAL et al. v. BETZ et al.

(Supreme Court, Appellate Division, First Department. June 7, 1901.)

1. CONTRACTS—MODIFICATION—SEVERANCE.

Where a contract for the purchase of goods to be delivered in installments had been partially executed by a delivery of some of the installments, after which the parties agreed to changes in the time of delivery and mode of payment, such new agreement was a severance of the orig-

inal contract, so that the buyer became liable for the price of the installments already delivered at the date of the new agreement.

2. STOCK CORPORATION LAW—ANNUAL REPORT—STATEMENT OF ASSETS.

Under Stock Corporation Law, § 30, requiring corporations to file reports stating the amount of their assets, "or an amount which they at least equal," a report stating that the assets at least "did not exceed" a certain sum did not comply with the law.

Appeal from trial term, New York county.

Action by Albert Lilienthal and others against John F. Betz and others. From a judgment in favor of plaintiffs, and from an order denying a motion for a new trial (68 N. Y. Supp. 897), defendants appeal. Affirmed.

Argued before HATCH, PATTERSON, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

A. I. Elkus, for appellants.

H. Nathan, for respondents.

PATTERSON, J. From a judgment in favor of the plaintiffs, and from an order denying a motion for a new trial, the defendants appeal. The cause was tried at a trial term, but the parties stipulated that the jury might be discharged, and that the case should be disposed of by the trial judge, whose decision should be put in the form of a verdict by direction, with the same effect as if a jury had actually rendered a verdict. The trial judge held that the plaintiffs were entitled to recover a portion of their claim, and for the amount thereof a direction of a verdict was given, and judgment entered thereon, with costs. The action was brought to enforce the liability of directors of the D. G. Youngling Brewing Company, a domestic corporation. The ground of liability asserted in the complaint is the failure to make and file an annual report of the affairs of the company for the year 1896, as required by the provisions of section 30 of the stock corporation law. It is enacted by the section of the statute cited that a domestic corporation doing business within the state shall annually, during the month of January, make a report as of the 1st day of January, which shall state—First, the amount of its captial stock and the proportion actually issued; second, the amount of its debts, or an amount which they do not then exceed; third, the amount of its assets, or an amount which its assets at least equal. It is provided, if such a report is not so made and filed, all the directors of the corporation shall jointly and severally be personally liable for all the debts of the corporation then existing, and for all contracted before such report shall be made. On the trial, the defendants moved to dismiss the complaint, on the ground (among others) that it was not shown that an indebtedness of the corporation to the plaintiffs had accrued or existed or was contracted during an alleged default of the directors in filing a report. The indebtedness set forth in the complaint appears to have consisted of two demands, which were separable. It is alleged in the complaint, and was established by the evidence, that in November, 1895, the corporation and the plaintiffs entered into a written contract whereby the former bought from the latter a thousand bales of hops, at a price

named, which were to be delivered during the year 1896, as might be required by the corporation. The proof shows that before November 25, 1896, the plaintiffs delivered 263 bales of hops, which were paid for. Between November 25 and December 23, 1896, 224 bales were delivered. The remaining 513 bales were not delivered during 1895 or 1896, or at all, the corporation never calling for them. The claim of the plaintiffs against the corporation was for the value of the 224 bales delivered, and for damages caused by its refusal to take the 513 bales to complete the contract.

The court below held, in substance, though not in form, that there was no indebtedness arising upon the second demand, but that an indebtedness did exist for the agreed value of the 224 bales actually delivered. The defendants contend that as the contract was entire, and was not fully performed by the plaintiffs, there was no enforceable indebtedness against the corporation. There is, however, in the record, correspondence which shows that there was a modification of the contract respecting the subject of performance by making deliveries thereunder. On December 8, 1896, delivery of less than one-half of the quantity of hops mentioned in the contract had been called for, and on that day the plaintiffs wrote to the corporation a letter, stating the situation, and proposing that the uncalled-for 513 bales should be delivered in various quantities in the months of March, April, May, and June, 1897, to which letter the corporation replied that they would be satisfied with the deliveries as proposed, but desired a slight deviation from the amounts of the payments. On the 23d of December, 1896, the plaintiffs wrote to the corporation a letter, stating that, as it seemed unwilling to appreciate favors and modifications which they had been disposed to make, they were compelled finally to take a stand; that they inclosed a statement of the moneys owing, for which they required payment by return mail. The letter also contained the following: "As we cannot get from you any answer to our letter of December 8th, we beg to advise that we shall weigh up and tender to you the balance of the contract for a thousand bales of hops, for which we shall demand our check upon presentation of warehouse receipt." This letter was evidently written to indicate the intention of the plaintiffs to make delivery of the entire quantity during the year 1896, as provided in the original contract. On the 24th of December, 1896, the corporation accepted the terms of settlement of the contract as proposed in the plaintiffs' letter of the 8th, and promised to mail the checks in due course of time.

The plaintiffs had in their possession at the required dates in 1897, ready for delivery, the quantites stated in the letter of December 8th, but they were never called for by the corporation. Although the court, in effect, held that under this evidence the plaintiffs could not claim an indebtedness existed for the undelivered merchandise, still that evidence shows that the contract was modified and severed, and that a new arrangement was made respecting the undelivered portion, and by this severance, if for no other reason, a then present enforceable indebtedness for the 224 bales of hops existed.

Existence of an indebtedness being established, the question remains as to the liability of the defendants for failure to file a report,

as required by the thirtieth section of the stock corporation law. That they were directors at the time is not disputed, but they contend that they filed a report in substantial conformity to the requirements of law. It is required by the statute that the report shall, among other things, state the amount of the assets of the corporation, or an amount which its assets at least equal. What purported to be a report was filed by the directors of the Youngling Company for the year 1896, in which it was stated that the assets of the said corporation on the 1st day of January, 1896, at least did not exceed the sum of $1,400,000. The nature of this provision of the statute, and the liability of directors under it, have been fully considered in the cases of Arms Co. v. Barlow, 63 N. Y. 62, 20 Am. Rep. 504; Grocery Co. v. Pratt, 36 App. Div. 152, 55 N. Y. Supp. 467; Wallace v. Walsh, 125 N. Y. 32, 25 N. E. 1076, 11 L. R. A. 166; Manhattan Co. v. Kaldenberg, 165 N. Y. 1, 58 N. E. 790; and from them may be deduced the rule that the statute is to be construed strictly, and the report filed in attempted compliance with it liberally. Facts need not be stated with grammatical accuracy or technical precision, but nevertheless they must be substantially made to appear. In Wallace v. Walsh, supra, it is stated "that the purpose of the provisions of the statute is to inform the public and those interested in the affairs of the company of its financial standing and condition from time to time." In the recent case of Manhattan Co. v. Kaldenberg, supra, it is stated that a substantial compliance with such statutes as that under consideration shall be sufficient, and that the question is whether there has been a substantial performance of a legal requirement, for the failure to perform which the penalty of the statute is invoked.

It has frequently been suggested in argument to us that the decisions of the court of last resort have practically nullified the statutory provisions upon this subject, but we do not so regard them. Whatever views may be entertained as to the wisdom or practical value of such provisions of law, they are on the statute book, and must be given effect by the court. With the broadest liberality of construction of the report filed in 1896 by the Youngling Company, it cannot be regarded as a compliance with the requirement of law that it shall state the amount of the assets of the corporation, or an amount to which its assets are at least equal. A statement that the assets do not exceed a certain sum cannot by any, even distorted, application of language be regarded as equivalent to a statement that the assets, at least, amount to such a sum, and to say that the statement contained in the report before us is a grammatical or clerical error is begging the whole question.

We think this report did not conform to the requirement of law. The question of intent does not enter into the consideration of the subject. Co-operative Co. v. O'Keeffe, 120 N. Y. 603, 24 N. E. 993. The report did not give the information to the public required by the statute, and if there is any force left in that statute it operates in this case to charge these defendants with liability.

The judgment and order appealed from should be affirmed, with costs. All concur.