(47 Misc. Rep. 460.)

WINTHROP PRESS v. PERKINS et al.

(Supreme Court, Trial Term, New York County.  June, 1905.)

CORPORATIONS—FAILURE TO FILE ANNUAL REPORT—LIABILITY OF DIRECTORS.
     January 30, 1897, the directors of a corporation filed an annual report, dated the same day, with no suggestion that it was made as of January 1st of that year. *Held* not a substantial compliance with Stock Corporation Law, Laws 1892, p. 1832, c. 688, § 30, requiring a report to be made January 1st, so as to relieve the directors from their personal liability for failure to file such report.
     [Ed. Note.—For cases in point, see vol. 12, Cent. Dig. Corporations, §§ 1460, 1467.]

Action by the Winthrop Press against C. Lawrence Perkins and others, directors of the University Press, for failure to file annual report as required by law. Judgment for plaintiff.

Charles C. Marsh, for plaintiff.
William C. Findlay, for defendants.

BISCHOFF, J.  The report filed by the defendants, the sufficiency of which for the purposes of compliance with the statute is brought into question in this action, was as follows:

"Annual Report of University Press Company.

"We the undersigned, a majority of the directors of the University Press Company, do hereby make the following report:
"The capital stock of this company is fifty thousand dollars.  The proportion of its capital stock actually issued is 30,980 dollars.
"The existing debts of the company do not now exceed 2000.00 dollars (two thousand dollars).
"The assets of the company at least equal the sum of 100.00 dollars (one hundred dollars).
"Dated January 30, 1897.            Hey G. Chapman,
                                                        "C. Lawrence Perkins,
                                                        "Winthrop Chandler,
                                                                "Majority of Directors."

Section 30 of the stock corporation law (Laws 1892, p. 1832, c. 688), as framed in the year 1897, so far as material, provided:

"Every stock corporation * * * shall, annually, during the month of January * * * make a report as of the first day of January, which shall state: (1) The amount of its capital stock, and the proportion actually issued. (2) The amount of its debts, or an amount which they do not then exceed. (3) The amount of its assets or an amount which its assets, at least equal."

While some question is raised by the plaintiff as to the diligence with which this report was filed, I do not find that the point presents any question of gravity, since the evidence discloses that the defendants, in the matter of filing the report, acted in good faith, which is the sole test, so far as a liability is sought to be imposed because of a delay

in filing the paper where the statute is silent as to the exact time within which it is to be filed. Western Nat. Bank v. Faber, 29 Misc. Rep. 467, 62 N. Y. Supp. 82.

There is, however, a substantial defect in the form of this report, and, within the authorities, I must hold that the plaintiff is entitled to judgment upon the facts stipulated for the amount claimed. Nowhere in the report is there a suggestion that it is made as of the 1st day of January, 1897, and, while the statute is to be strictly construed as against the party asserting the presence of a liability thereunder, and a report filed in purported compliance therewith is to be liberally construed (Western Nat. Bank v. Faber, supra, and Lilienthal v. Betz, 61 App. Div. 601, 70 N. Y. Supp. 920), the court must find in the report either the words which the statute calls for, or else their sense and substance must inferentially appear, if the report is to be upheld as actually in compliance with the act (American Grocery Co. v. Pratt, 36 App. Div. 152, 55 N. Y. Supp. 467; 161 N. Y. 649, 57 N. E. 1103). In the case last cited the report was held sufficient because, although it omitted to state that it was made as of the 1st day of January, it spoke in terms of the year ending December 31st, and thus, by necessary implication, of the commencement of the new year. In Western Nat. Bank v. Faber, supra, the report stated that it was made for the year 1903, and it was held that this statement was sufficient, as a matter of inference. In the present case we have nothing to identify the year, except the date of the report, which is no more than a statement of the date when the directors signed it. There is no statement that it is a report of that year, and, at best, it is a report of January 30, 1897, not of January 1st, assuming that it is not intended to be a report of some preceding year.

It is claimed by the defendant that a similar report was similarly attacked in the case of Manhattan Co. v. Kaldenberg, 165 N. Y. 1, 58 N. E. 790, and that the conclusion of the Court of Appeals in that case for a reversal of a judgment for the plaintiff necessarily involved the proposition that the report was sufficient. So far as appears from the opinion reported in the case cited, the point was not deemed to be before the court, and, while the respondent's brief on appeal (now submitted for my inspection) would indicate that this point was relied upon, the failure of the Court of Appeals to notice it harmonizes thoroughly with the assertion of counsel for this plaintiff that the particular ground of objection was eliminated, because omitted from the statement of grounds formally made at the trial of that case. Therefore I cannot find any authority in the adjudications referred to which would justify my holding that the report before me is sufficient. It is also to be noted that in the Kaldenberg Case the report is prefaced with a statement of the year to which it referred, and, so far, was sufficient with the rule adopted in Western Nat. Bank v. Faber, supra.

I conclude, for the reasons stated, that the report filed by the defendants and dated January 30, 1897, was not in substantial compliance with section 30 of the stock corporation law, and that there should be judgment for the plaintiff.

Judgment for plaintiff.