CYRUS BUTLER, Respondent, *v.* JOHN SMALLEY et al., Appellants.

The penalty imposed by the General Manufacturing Act (§ 15, chap. 40, Laws of 1848) upon the trustees of a corporation organized under it for signing an annual report "false in any material representation" with knowledge of its falsity, is not incurred simply because of an omission from the aggregate of indebtedness of certain liabilities of the company, although this was known to the defendants at the time the report was made.

Where it appears that the report was made within the twenty days but not filed until thereafter the inquiry is as to whether the company is in default; while the law requires the filing to be within a reasonable time after the twenty days, and this exacts prompt performance and diligent action, if the company avails itself of the usual method of performing its duty, and the performance is within a reasonable time, having regard to the nature and circumstances thereof, in the absence of any thing showing want of good faith and active diligence, the trustees are not liable.

101   71
108  597
101   71
137  345
101   71
165    7

A manufacturing corporation made and published its report within twenty days after the 1st day of January, 1878, but through a mistake of its secretary, to whom it was delivered for that purpose, it was not filed within that time. Upon application to the Supreme Court an order was granted February thirteenth that the report be filed *nunc pro tunc* and it was filed on that day. In an action by a creditor of the corporation against the trustees, *held*, that the order did not relieve the defendants from the consequence of any default on their part, as the duty to file the report was imposed by statute, and over it the court had no jurisdiction ; but that the application was an act by defendants in futherance of their duty, and an indication of good faith ; and a finding that there was neither a prompt performance nor diligent action on the part of the company with respect to the filing was error; as was also a refusal to find that whether the report was filed within a reasonable time after the expiration of the twenty days depended upon the circumstances of the case.

(Submitted June 12, 1885 ; decided January 19, 1886.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made March 2, 1883, which affirmed a judgment in favor of plaintiff, entered upon the report of a referee.

The nature of the action and the material facts are set forth in the opinion.

*Thomas Winsor & Samuel Marsh* for appellants. A filing of the report, if not within twenty days, is not a *sine qua non.* No action is given for mere non-filing of report. (*Cameron* v. *Seaman*, 69 N. Y. 402.) The provision as to filing is directory ; while, in a proper case, gross negligence or wanton willfulness in not filing, would be visited with condign punishment. (*Veeder* v. *Mudgett*, 95 N. Y. 295, 298, 300, 315.) The order *nunc pro tunc*, ordering that the report "be filed in the office of the clerk of the county of New York, as of the 17th of January, 1878," is binding on the company, its officers, and the plaintiff as their managing stockholder, or corporator, and to all intents and purposes a trustee or director in control of the whole concern. (*Gildersleeve* v. *Dixon*, 6 Daly, 76.) The filing *nunc pro tunc*, February 13, 1878, as of January 17, 1878, was valid and binding on the company, even if it were not on an outside creditor, and especially was

it binding on Butler, considering his confidential relations to
the company ; the chiefest stockholder and most active man on
duty, and in all reality a trustee. (*Briggs* v. *Easterly*, 62 Barb.
51 ; *Bonnell* v. *Griswold*, 80 N. Y. 135 ; *Easterly* v. *Barber*,
65 id. 252 ; *Deming* v. *Puleston*, id. 655 ; *Pier* v. *Han-
more*, 86 id. 95 ; *Arthur* v. *Griswold*, 55 id. 400.)

*Frank A. Irish* for respondent. The defendants are liable
for the debt in question, because they failed to file a report as
provided in the twelfth section of the act of 1848, as soon as
practicable after the expiration of twenty days from the first
day of January, and because they failed in prompt performance
and diligent action with respect to such filing. (*Gildersleeve*
v. *Dixon*, 6 Daly, 76 ; *Deming* v. *Puleston*, 35 N. Y. Super.
Ct. 309 ; *Vincent* v. *Sands*, 33 id. 511 ; *Jones* v. *Barlow*, 62
N. Y. 202 ; *Cameron* v. *Seaman*, 69 id. 396 ; *Bolen* v. *Crosby*,
49 id. 183 ; *Sanborn* v. *Lefferts*, 58 id. 179.) When the trus-
tees had failed to file their annual report according to law the
penalty attached, and the right of action in favor of plaintiff
and other creditors accrued and was perfect. (*Matter of
Empire City Bk.*, 18 N. Y. 199 ; *Taylor* v. *Porter*, 4 Hill,
140 ; *Rockwell* v. *Nearing*, 35 N. Y. 302 ; *Westervelt* v.
*Gregg*, 12 id. 202 ; *Happy* v. *Mosher*, 48 id. 313.) Where
there is a fixed or contemplated money obligation there is
an existing debt within the statute ; and although the right
of action against the trustees in a case where the debt is
payable in the future does not accrue until the maturity of the
debt, yet the debt exists ; and upon its maturity the trustees
who neglected to conform to the statute while it was outstand-
ing may be held under this section. (*Jones* v. *Barlow*, 62 N.
Y. 202 ; *Vernon* v. *Palmer*, 48 N. Y. Super. Ct. 231 ; *Leggett*
v. *Bank of Sing Sing*, 24 N. Y. 291.) The objection of mis-
joinder of causes of action is not available. It was not taken by
demurrer or answer, and is therefore waived. (Code, §§ 498,
499.) In any case there was no misjoinder. (*Bonnell* v.
*Wheeler*, 1 Hun, 332 ; *Bonnell* v. *Griswold*, 68 N. Y. 294 ;
*Arthur* v. *Griswold*, 55 id. 400.

DANFORTH, J. " The Lathrop Anti-Frictionate Company " was organized under the Manufacturing Law of 1848 (Chap. 40). It made and published a report of its affairs, as required by section 12 of that act, within twenty days after the 1st day of January, 1878, but the report was not filed until February thirteenth. The defendants were its trustees, and the plaintiff, claiming to be a creditor of the company, brought this action to fix a liability upon them for his debt, on the grounds, *first*, that the report was false in fact; and, *second*, was not filed within the said twenty days, " nor as soon as practicable thereafter." The first ground seems now to be abandoned by the counsel for the respondent, and indeed could not well be insisted upon. There is no finding that the report was false, nor that the defendants signed it knowing it to be false, but only that it omitted from the aggregate of indebtedness certain liabilities of the company, and that this was known to the defendants " at the time the report was made and filed;" nor is there any finding either of bad faith or of willful or fraudulent purpose on the part of the trustees, nor of any fact showing actual fraud ; and without one or the other of these things, the penalty imposed for signing a report " false in any material representation " (§ 15, act of 1848, *supra*), is not incurred. (*Pier* v. *Hanmore*, 86 N. Y. 95 ; *Bonnell* v. *Griswold*, 89 id. 122.) The other point is disposed of by the construction given to section 12 (*supra*), in *Cameron* v. *Seaman* (69 N. Y. 396). In that case the precise question was whether the report must be filed and published, as well as made within the twenty days from the first of January, in order to meet the exigency of this section, and it was held that the limitation of twenty days, applied only to the act of making, and did not apply to the act of filing or publishing ; that as to those acts, the section was directory, but as the object of the act was to insure a speedy and public disclosure of the contents of the report, it was said that the law, in the absence of an express provision on the subject, implies that both filing and publication should be within a reasonable time after the twenty days, and that this requirement exacted prompt performance and diligent action on the

part of the trustees. This rule was laid down as most consistent with reason and a due regard to convenience and justice, and leads to an inquiry in any given case, whether the party on whom the duty is imposed is shown to be in default. In that case the report was made within the twenty days, sent by mail to the county clerk and to the newspaper office on the twenty-first day and was in fact both filed and published, but of course not until after the expiration of the twenty days.

Now in the case before us it is conceded that the report was made within the twenty days, viz.: on the seventeenth of January. It was conclusively proven that at the moment of making, the report was delivered to the secretary for filing and publication; he caused its publication the next day, and the plaintiff himself proved that it was owing to the mistake of the secretary that it was not then filed. At the outset of the case the plaintiff introduced and put in evidence the annual report of the company, dated January 17, 1878, and a petition dated February eighth, addressed to the Supreme Court, and its order thereon. The report was in form sufficient, and the petition, verified by the secretary, stated that the report was published on the eighteenth of January, but, " by mistake, was not filed in the office of the clerk of the county of New York." The prayer of the petition was granted, and the court on the thirteenth day of February, ordered the report filed as of January seventeenth. In the course of the trial, the defendant, John Smalley, had testified that the report was filed in the clerk's office, January, 1878, and upon cross-examination the plaintiff's counsel called his attention to that evidence, saying, " and that you still affirm ? is that so ? Ans. That is so in one respect ; " and being further pressed, said : " That report was made out and given to my son " (meaning the secretary), " and I supposed he took it there." This answer was, on motion of the examining counsel, stricken out, but subsequently on the same examination, the question was repeated, the plaintiff's counsel saying : " Q. I now repeat my former question. Did you swear on your direct examination as follows : ' Q. Do you know whether there was any report of the Lathrop Anti-Frictionate Co. filed in 1878, in Jan-

uary of that year? A. Yes, sir, there was.' A. I did. Q. You did not file it yourself? A. No, sir. Q. Don't you know that your son, William W. Smalley, subsequently, and as late as February eighth, made an application to the court upon a petition, in which he swore that through some mistake or other that report had not been filed within the first twenty days of the year, as required by law? A. I think I did. Q. Why did you swear as you did, that the report was filed in January, when you' knew that your son had made a petition under oath that it was not? A. As far as I was concerned it was ·filed. I did every thing in my power; I had helped him to make out a report and he took it, and I was not aware at the time but what it was filed."

William Smalley, referred to by the foregoing witness, testified that he was secretary of the company ; that the report was filed in 1878, and published. He testified to the preparation of a petition to the Supreme Court for leave to file the report, and the granting of the order on the thirteenth of February, that the report be then filed *nunc pro tunc*, as of the 18th of January, 1878.

The referee committed no error in refusing to hold that the order relieved the defendant. Such· entries .are sometimes made in the progress of litigation, upon the principle that a delay of the court shall prejudice no one. Here the duty to file the report was imposed by statute upon the corporation, and over it the court had no jurisdiction. But the application was an act by the defendants in supposed furtherance of their duty and was an indication of good faith in respect to the proper disposition of the report. It was an effort to do that which the corporation had not done. Under another act, similar in its purpose (Laws of 1875, chap. 611, § 18), a director may escape the consequences of an omission on the part of the company, by himself subsequently and within a fixed time filing a certificate or report, but no such provision is to be found in the act before us. It is enough, however, as we have seen ( *Cameron* v. *Seaman*, *supra*), that it be filed within a reasonable time after the expiration of the twenty days, and the referee was asked

to find that whether this was done would depend upon the circumstances of the case. This he refused to do, and the defendants excepted. In this the referee erred; and also in finding that there was neither prompt performance, nor diligent action on the part of the company with respect to the filing of the report. To prepare a report for filing and publication, to place it in good faith in the hands of the secretary for deposit in the clerk's office and in the office of a newspaper, is at least equal in significance to a delivery of a report to a mail agent for transmission to those places. In the one case as in the other the company avails itself of the usual method of performing its duty, and in the absence of any thing to show the want of good faith and active diligence in respect thereto on its part, a trustee, when no time is fixed by statute within which an act shall be performed, should not be subjected to a penalty, provided the thing required is actually done at a reasonable time, having regard to the nature and circumstances of the performance. The case at bar is not within the mischief at which the act is aimed, as it concededly is not within its terms. The referee erred in refusing to find as requested, and he found without evidence the existence of a default upon which the defendant might be charged.

We think the judgment appealed from should be reversed, and a new trial granted, with costs to abide the event.

All concur, except RUGER, Ch. J., and RAPPALO, J., not voting.

Judgment reversed.