JAMES A. WHITNEY, Respondent, *v.* CHARLES A. CAMMANN et al., Appellants.

Under the provision of the General Manufacturing Act (§ 12, chap. 40, Laws of 1848, as amended by chap. 510, Laws of 1875), making the directors of a corporation organized under it liable for certain of the corporate debts, in case of their failure to make and file an annual report as prescribed, the mere making of the report does not relieve the directors from liability, nor does the fact that the report was delivered to an officer of the company to be filed, who neglected to do so; the report must be filed, and the omission to do so is not excused by intrusting the duty to another, who fails to perform it.

(Argued February 7, 1893; decided February 28, 1893.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made February 3, 1892, which overruled defendants' exceptions, denied a motion for a new trial and ordered judgment in favor of plaintiff upon verdict directed by the court.

This action was brought against defendants as trustees of the Wallace Electric Manufacturing Company, which was organized under the General Manufacturing Act (Chap. 40, Laws of 1848), to charge them because of an alleged failure to file an annual report, with personal liability for the amount of a judgment recovered by plaintiff for professional services as the attorney and counsel of said company.

The facts, so far as material, are stated in the opinion.

*Louis Marshall* for appellants. All the equities are in favor of defendants. ( *Wallace* v. *Walsh*, 125 N. Y. 357.) The statute under which plaintiff seeks to recover (§ 12, chap. 40, Laws of 1848) is highly penal, and must be strictly construed. (*Bruce* v. *Platt*, 80 N. Y. 381; *Whitaker* v. *Masterton*, 106 id. 280; *Bonnell* v. *Griswold*, 80 id. 135; *Wallace* v. *Walsh*, 125 id. 36.) Plaintiff, in order to recover, was bound to allege and prove affirmatively each circumstance upon which his right to recover is conditioned. ( *W. A. Co.* v. *Barlow*,

63 N. Y. 34; *Van Dyck* v. *McQuay*, 86 id. 56; *Crosby* v. *Bolen*, 49 id. 183; *People* v. *B. S. & C. Co.*, 131 id. 145; *Thomas* v. *Stephenson*, 2 E. & B. 108; *S. R. R. Co.* v. *Cohen*, 49 Ga. 627; *Van Valkenburgh* v. *Torrey*, 7 Cow. 252.) The statute imposes a penalty only for a default in making the report and not for default in filing or publishing it. (*Cameron* v. *Seaman*, 69 N. Y. 396; *Butler* v. *Smalley*, 101 id. 71.) The court erred in refusing to dismiss the complaint, on the ground that it was not shown that the claim was a debt of the company existing between January 1 and 20, 1888, the allegations in the complaint and plaintiff's testimony being that the claims arose after January 20, 1888. (*Jones* v. *Barlow*, 62 N. Y. 205; *Garrison* v. *Howe*, 17 id. 458.) The court erred in directing a verdict against defendants after it had been shown that a report had been made in full compliance with the statute, had been signed and verified by the proper officers and had been delivered to the secretary to go through the regular course, and had, moreover, been duly published. (*Cameron* v. *Seaman*, 69 N. Y. 396; *Bonnell* v. *Griswold*, 80 id. 135; *Arthur* v. *Griswold*, 55 id. 400.)

*Roscoe H. Channing* for respondent. There was a total failure of the corporation to comply with the law, in that it filed no report within twenty days after the 1st day of January, 1888, or at any time during that year. (Laws of 1848, chap. 40, § 12; Laws of 1875, chap. 510; *Cameron* v. *Seaman*, 69 N. Y. 396; *Butler* v. *Smalley*, 101 id. 72.) No part of the debt due plaintiff by the corporation accrued or became an enforceable obligation until the 21st of January, 1888, but it was at the time of the default in filing its report, an existing debt of the company, for the reason that that default existed from January 21, 1888, throughout that entire year. (*Boughton* v. *Otis*, 21 N. Y. 261; *Gildersleeve* v. *Dixon*, 6 Daly, 78.) The conclusions of the trial court and of the General Term, as embodied in the judgment herein, are in perfect harmony with the manifest object and purpose of the statute in question, and give to the language of section 12 no broader

significance than the legislature evidently intended. (*U. S.* v. *Hartwell,* 6 Wall. 385; *Merriam* v. *Langdon,* 10 Conn. 459; *Rorke* v. *Thomas,* 56 N. Y. 560; *Van Wyck* v. *McQuade,* 86 id. 56.) The policy of the statute was to require an annual report and to punish the omission to file it, and that the words and spirit of section 12 make directors liable for all debts in case of failure in this particular, and continue this liability until compliance. (*Allen* v. *Clark,* 108 N. Y. 269.)

O'BRIEN, J. The defendants are the trustees of a manufacturing corporation organized in October, 1884, under the act of 1848 as amended by chapter 560 of the Laws of 1875, and carrying on its business in the city of New York. The plaintiff obtained the judgment appealed from for professional services performed for the corporation and contracted for in November, 1886, and rendered between the 17th of February, 1888, and the 1st of January, 1889, on the ground of the failure to file the annual report prescribed by section 12 of the act of 1848 as amended by chapter 510, of the Laws of 1875. The report was made out and signed on the 20th of January, 1888. The next day it was published in a newspaper, but it was never filed. It has been often held that this statute was highly penal and to be construed according to the rules of construction applicable to such statutes, not to be extended by construction or made to embrace cases not within the language used. (*Bruce* v. *Platt,* 80 N. Y. 381; *Whitaker* v. *Masterton,* 106 id. 280; *Bonnell* v. *Griswold,* 80 id. 135; *Wallace* v. *Walsh,* 125 id. 26.)

A party seeking to make trustees of a corporation liable under this statute, for failure to comply with it must allege and prove affirmatively every fact and circumstance upon which his right to recover depends and nothing will be presumed in his favor. (*Whitney Arms Co.* v. *Barlow,* 63 N. Y. 62; *Van Dyck* v. *McQuade,* 86 id. 38.)

Reasoning from these premises the learned counsel for the defendants attempts to show that the penalty is imposed only for default in making the report and not for default in filing

or publishing. Such a construction would of course defeat every useful purpose which the law was intended to serve. The law was intended for the information and protection of creditors and persons dealing with the corporation and a report properly made out, signed and verified, but left in the office of the corporation would not accomplish this purpose. The statute requires the report not only to be made, but also to be published and filed, and for a neglect to either file or publish the trustees become liable. If the trustees make and verify the report within the time prescribed by the statute it may be filed or published as soon as practicable thereafter without incurring the penalty of the statute. (*Cameron* v. *Seaman*, 69 N. Y. 396; *Butler* v. *Smalley*, 101 id. 71.)

When the trustees have made the report within twenty days from the first of January in each year, the filing and publishing may be done the next day or as soon thereafter as may be consistent with reasonable diligence and good faith. But in this case the report made or any other report during the year never having been filed the defendants failed to comply with the statute in one of its substantial requirements, and, therefore, they became liable to the class of persons specified of which the plaintiff was one. If it be true as claimed that the secretary of the company to whom the report was delivered neglected to file it that would not relieve the defendants. The obligation of filing was imposed by the statute upon them and they could not relieve themselves from responsibility by intrusting this duty to another who failed to perform it. The judgment should, therefore, be affirmed.

All concur.

Judgment affirmed.