THE PRESIDENT AND DIRECTORS OF THE MANHATTAN COM-
PANY, Respondent, *v.* FREDERICK J. KALDENBERG et al.,
Appellants.

1. CORPORATIONS — CONSTRUCTION OF STATUTES REQUIRING STOCK
CORPORATIONS TO FILE ANNUAL REPORTS. Statutes requiring stock cor-
porations to file annual reports with the county clerk and secretary of state,
signed by a majority of the directors, and " verified by the oath of the presi-
dent or vice-president and treasurer or secretary," and providing that in
default thereof the directors shall be severally liable for the debts of the
company, are highly penal and should be strictly construed in favor of
a party against whom the penalty is sought to be enforced; their plain,
unambiguous and unequivocal language requires that the annual report
shall be verified by the president or vice-president and also by the secre-
tary or treasurer, and a verification by the president alone is not sufficient.

2. WHEN ANNUAL REPORT OF STOCK CORPORATIONS MAY BE MADE BY
MAJORITY OF DIRECTORS AND VERIFIED BY THE PRESIDENT ALONE.
Statutes of this character do not require impossibilities, however, and
where the offices of secretary and treasurer were vacant at the time the
annual report was made, and the directors were unable, after due dili-
gence, and without any neglect on their part, to fill the vacancies, the
report is properly signed by a majority of them, and verified by the presi-
dent alone.

3. WHEN VERIFICATION IS SUFFICIENT. Where the affidavit of verifica-
tion attached to the duplicate report filed with the county clerk was prop-
erly signed by the affiant, the fact that the affidavit filed with the secretary
of state was not so signed is an inadvertent omission and the verification is
sufficient.

4. WHEN RESIGNATION OF OFFICER IS COMPLETE. When the secretary
and treasurer of a corporation has tendered his resignation in a letter
which he delivered to the president, to take effect immediately, the resigna-

1

tion is complete when it is tendered and its validity is not dependent upon its acceptance by the directors or upon the election of his successor.

5. FAILURE OF PRESIDENT TO ADD TO SIGNATURE TITLES OF OFFICES HELD BY HIM DE FACTO. When the president of a corporation, who, at the time he verified the report, was also secretary and treasurer of the company *de facto* during a vacancy in such offices, verifies the report as president without reference to the other offices filled by him, such verification is a substantial compliance with the law, notwithstanding his failure to add to his signature the title of each other office filled by him.

*Manhattan Co.* v. *Kaldenberg,* 27 App.·Div. 31, reversed.

(Argued October 25, 1900; decided November 27, 1900.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered March 23, 1898, affirming a judgment in favor of plaintiff entered upon a verdict directed by the court, and an order denying a motion for a new trial.

The action was brought by the plaintiff, a creditor of the F. J. Kaldenberg Company, a corporation organized in April, 1887, under the act of 1840 and the acts supplemental thereto and amendatory thereof, against the defendants, as trustees of said corporation, upon their alleged failure to make and file an annual report as required by law, in the year 1892, and down to January 30, 1893. The amended by-laws of the corporation provided for seven directors or trustees, who were authorized to elect, or appoint, a president, a vice-president, a secretary and a treasurer.

On April 28, 1891, said board of directors elected the following officers: F. J. Kaldenberg, president; F. R. Kaldenberg, vice-president; E. Faber, secretary and treasurer.

There was evidence tending to show that on or about November 1, 1891, said Faber tendered his written resignation, as such secretary and treasurer, to F. J. Kaldenberg, the president of the corporation, to take effect immediately ; that on account of inability to obtain a quorum of the directors no meetings of the board were held after said resignation was tendered until February 29, 1892, when the same was accepted. At this meeting the directors elected a new treasurer and a temporary secretary.

On January 29, 1892, the annual report of the corporation was filed in the office of the secretary of state and in the office of the clerk of Westchester county. It contained all the information required by law, was signed by a majority of the directors, but was verified only by F. J. Kaldenberg, as president of the corporation, who testified to having performed all the duties of the treasurer from the time of the latter's resignation in November, 1891, to the election of his successor in February, 1892. The corporation also made an annual report in 1893, which was dated January 25, 1893, was signed by a majority of the directors, was verified by the president on the 26th day of January, 1893, by the secretary and treasurer on the 27th day of January, 1893, filed in the office of the secretary of state on January 31, 1893, and in the office of the clerk of Westchester county on February 1, 1893. This report also contained all the information required by law and was unobjectionable in form, except that it failed to state that it was made as of the 1st day of January, 1893.

All of the indebtedness for which this action was brought was incurred in the month of January, 1893; the first item on the 21st; and the last on the 30th day of that month.

The statute upon which the liability of the defendants is predicated, and such further facts as are material to the issues, will be referred to in the opinion.

*George Wilcox* for appellants Kaldenberg et al. The evidence shows that the defendants did in fact make and file an annual report which substantially complied with all the statutory requirements. (*Wallace* v. *Walsh*, 125 N. Y. 26; *Bonnell* v. *Griswold*, 80 N. Y. 128; *People* v. *Sutherland*, 81 N. Y. 6; *Jackson* v. *Virgil*, 3 Johns. 540; *Millius* v. *Shafer*, 3 Den. 60; *Wiesbrod* v. *Marquardt*, 8 Abb. [N. C.] 243.) The provisions of this statute are highly penal and must be construed strictly and most favorably to the party against whom the penalty is sought to be inflicted. (*Torbett* v. *Godwin*, 27 Abb. [N. C.] 444; *Chase* v. *N. Y. C. R. R. Co.*, 26 N. Y. 523; *Mayor, etc.*, v. *Bigelow*, 13 Misc. Rep. 43; *Cam-*

*eron* v. *Seaman*, 69 N. Y. 369 ; *Whitney* v. *Cammann*, 137 N. Y. 342 ; *Van Dyke* v. *McQuade*, 86 N. Y. 38 ; *W. A. Co.* v. *Barlow*, 63 N. Y. 62 ; *Bonnell* v. *Griswold*, 80 N. Y. 128 ; *Butler* v. *Smalley*, 101 N. Y. 71 ; *Whitaker* v. *Masterton*, 106 N. Y. 277.) Verification of the report by the president alone was a sufficient compliance with the statute. (*Jones* v. *Brereton*, 146 N. Y. 55 ; *Hicks* v. *Minturn*, 19 Wend. 550.) At the time of making and filing the report in question the corporation had no secretary or treasurer, and the president performed the duties of those officers. The verification of the report by him was, therefore, a substantial compliance with the statute. (*Bruce* v. *Platt*, 80 N. Y. 379 ; *Wilson* v. *B. H. Co.*, 16 Misc. Rep. 48 ; *Chandler* v. *Hoag*, 2 Hun, 613 ; *Van Amburgh* v. *Baker*, 81 N. Y. 46 ; *Squires* v. *Brown*, 22 How. Pr. 35 ; *Blake* v. *Wheeler*, 18 Hun, 496 ; *Smith* v. *Danzig*, 65 How. Pr. 320.) No penalty is imposed for the failure to verify a report. (*Cameron* v. *Seaman*, 69 N. Y. 398 ; *Butler* v. *Smalley*, 101 N. Y. 74 ; *Bonnell* v. *Griswold*, 80 N. Y. 128 ; *Pier* v. *Hanmore*, 86 N. Y. 95 ; *U. S.* v. *Wiltberger*, 5 Wheat. 77.)

*Benjamin F. Tracy*, *Francis Forbes* and *Charles T. Haviland* for appellant Faber. The objections to the report of 1892 are all technical and nearly all frivolous. The evidence shows that the defendants did in fact make and file an annual report in January, 1892, which substantially complied with all the statutory requirements. (*Wallace* v. *Walsh*, 125 N. Y. 26 ; *Bonnell* v. *Griswold*, 80 N. Y. 128 ; *People* v. *Sutherland*, 81 N. Y. 1 ; *Jackson* v. *Virgil*, 3 Johns. 540 ; *Millius* v. *Shafer*, 3 Den. 60 ; *Wiesbrod* v. *Marquardt*, 8 Abb. [N. C.] 243 ; *Bank of Metropolis* v. *Faber*, 38 App. Div. 159 ; *Leonard* v. *Faber*, 52 App. Div. 495 ; *W. Nat. Bank* v. *Faber*, 29 Misc. Rep. 467.) The verification of the report of 1892 by the president alone was a full compliance with the requirements of the law then in force. (L. 1892, ch. 2 ; *Cameron* v. *N. Y. & M. V. W. Co.*, 133 N. Y. 336 ; *Jones* v. *Butler*, 146 N. Y. 55 ; *Whitney* v. *Cammann*, 137

N. Y. 342; *Van Dyke* v. *McQuade*, 86 N. Y. 38.) At the time of making and filing the report in question the corporation had no secretary or treasurer and the president performed the duties of those officers. The verification of the report by him was, therefore, under any construction of the statute, a substantial compliance therewith. (*Bruce* v. *Platt*, 80 N. Y. 379; *Wilson* v. *B. H. Co*, 16 Misc. Rep. 48; *Chandler* v. *Hoag*, 2 Hun, 613; *Van Amburgh* v. *Baker*, 81 N. Y. 46; *Squires* v. *Brown*, 22 How. Pr. 35; *Blake* v. *Wheeler*, 18 Hun, 496; *Smith* v. *Danzig*, 64 How. Pr. 320; *Noble* v. *Euler*, 20 App. Div. 548; *N. Mfg. Co.* v. *Connell*, 88 Hun, 254; *Schultz* v. *Chatfield*, 17 Misc. Rep. 264.) These are penal statutes to be strictly construed, and where there is evidence of good faith and an honest attempt to comply with the law, simply technical errors will be ignored. (*Wallace* v. *Walsh*, 125 N. Y. 26; *W. A. Co.* v. *Barlow*, 63 N. Y. 62; *Bonnell* v. *Griswold*, 80 N. Y. 128; *Veeder* v. *Mudgett*, 95 N. Y. 295; *Butler* v. *Smalley*, 101 N. Y. 71; *Whitaker* v. *Masterton*, 106 N. Y. 277; *Jones* v. *Butler*, 146 N. Y. 55; *Hicks* v. *Minturn*, 19 Wend. 550; *Chase* v. *Curtis*, 113 U. S. 452; *Park Bank* v. *Remsen*, 158 U. S. 337.) No penalty is imposed for the failure to verify a report. (*Bonnell* v. *Griswold*, 80 N. Y. 128; *Pier* v. *Hanmore*, 86 N. Y. 95; *U. S.* v. *Wiltberger*, 5 Wheat. 77; *Thomas* v. *Stevenson*, 2 El. & Bl. 108.)

*Charles E. Rushmore* for respondent. The corporation, F. J. Kaldenberg Company, failed to make and file in the year 1892 an annual report, as required by law. (*Bank of Metropolis* v. *Faber*, 150 N. Y. 200; *I. Bank* v. *Faber*, 86 Fed. Rep. 443; *Schultz* v. *Chatfield*, 17 Misc. Rep. 264; *O'Reilly* v. *People*, 86 N. Y. 154; *Reg.* v. *Hudson*, 1 F. & F. 50; *Reg.* v. *Turner*, 2 C. & K. 735; *Hathaway* v. *Scott*, 11 Paige, 173; *Case* v. *People*, 76 N. Y. 242.) The claim that at the time of the making and filing of the report in question the offices of secretary and treasurer of the company were vacant will not relieve the defendants from responsi-

bility. (*People* v. *B. S. & C. Co.*, 131 N. Y. 145; *Bolen* v. *Crosby*, 49 N. Y. 183; *Whitney* v. *Cammann*, 137 N. Y. 342; *Bargate* v. *Shortridge*, 5 H. L. Cas. 297; *Riggs* v. *Palmer*, 115 N. Y. 506; *Weeks* v. *Little*, 89 N. Y. 569; *D., L. & W. R. R. Co.* v. *Bownes*, 58 N. Y. 580; *Denning* v. *Puleston*, 55 N. Y. 655; *F. Nat. Bank* v. *Lamon*, 130 N. Y. 366; *Van Amburgh* v. *Baker*, 81 N. Y. 46.) The claim that F. J. Kaldenberg, the president of the company, was at the time of the making and filing of the report in question acting as the secretary and treasurer thereof will not relieve the defendants from liability. (*Schultz* v. *Chatfield*, 17 Misc. Rep. 264; *Ex parte Bank of Munroe*, 7 Hill, 177; *Ex parte Shumway*, 4 Den. 258; *Staples* v. *Fairchild*, 3 Den. 41; *Cameron* v. *Seaman*, 69 N. Y. 401.) The evidence shows conclusively that at the time of the filing of the annual report in 1892 the defendant Faber was acting as the secretary and treasurer of the company and the court was justified in directing a verdict for plaintiff. (*Sanborn* v. *Lefferts*, 58 N. Y. 179.)

WERNER, J. The statute under which this action is sought to be maintained is known as chap. 2 of the Laws of 1892, and that portion of it which we are called upon to consider reads as follows:

" Sec. 30. Every stock corporation, except moneyed and railroad corporations, shall annually, during the month of January, or if doing business without the United States, before the first day of May, make a report as of the first day of January, which shall state: One. The amount of its capital stock and the proportion actually paid in. Two. In general terms, the nature of its existing assets and debts. Three. The amount of its debts or an amount which they shall not exceed. Four. The amount of its assets or an amount which its assets shall at least equal. Five. The names of its then stockholders. Such report shall be signed by a majority of its directors, *and verified by the oath of the president or vice-president and treasurer or secretary*, and filed in the

office of the secretary of state, and in the office of the county clerk of the county where its principal business office may be located. If such report is not so made and filed, all the directors of the corporation shall jointly and severally be personally liable for all the debts of the corporation then existing, and for all contracted before such report shall be made."

The first question urged upon our attention involves the construction of the sentence which requires the annual report of a corporation to be " *verified by the oath of the president or vice-president and treasurer or secretary.*"

The learned counsel of the appellants contend that its language and its history disclose the legislative intent to require a verification of the annual report of the corporation by its president alone, or, in his absence, by two inferior officers, to wit, the vice-president *and* treasurer *or* secretary. It is also urged that, tested by this rule of construction, the annual report of 1892, verified by the president of the corporation, is sufficient.

In the discussion of this question we must of course keep in mind the rule that statutes of this character are highly penal, and are, therefore, not to be extended by implication. They must be strictly construed in favor of the party against whom the penalty is sought to be enforced. In construing statutes the proper course is to start out and follow the true intent of the legislature, and to adopt that sense which harmonizes best with the context and promotes in the fullest manner the apparent policy and objects of the legislature. (Potter's Dwarris on Statutes, 245 ; Smith's Commentaries on the Statutory Construction, sec. 739 ; *Garrison* v. *Howe,* 17 N. Y. 458 ; *Boughton* v. *Otis,* 21 N. Y. 261 ; *Chase* v. *N. Y. C. R. R. Co.,* 26 N. Y. 523 ; *Cameron* v. *Seaman,* 69 N. Y. 396 ; *Van Dyck* v. *McQuade,* 86 N. Y. 38 ; *Whitney Arms Co.* v. *Barlow,* 63 N. Y. 62 ; *Bonnell* v. *Griswold,* 80 N. Y. 128 ; *Butler* v. *Smalley,* 101 N. Y. 71 ; *Whittaker* v. *Masterton,* 106 N. Y. 277 ; *Whitney* v. *Cammann,* 137 N. Y. 342.)

The language of that part of this statute upon which the question of defendant's liability hinges seems to be plain,

unambiguous and unequivocal. The annual report shall be
" * * * *verified by the oath of its president or vice-president and treasurer or secretary.*" No analysis to
which it can reasonably be subjected invests it with a
different meaning than that which is apparent upon a first
reading. That it was intended to mean what it plainly expresses
is fairly indicated by the fact that the legislature could easily
have giving it the meaning contended for by the appellants
by the use of words equally simple and apt. If, for instance,
the legislature had intended to require the verification of
annual reports of corporations by all of these officers, it could
have accomplished this result by simply saying that such
reports shall be verified by the " president, vice-president,
secretary and treasurer." If by the president alone, or, in
the alternative by the vice-president, together with the
secretary or treasurer, it could have said that such reports
should be verified by the " president," or in case of his
failure or inability to act, then by the " vice-president and
secretary or treasurer." The use of the disjunctive "*or*"
between the first two named officers, succeeded by the copu-
lative conjunction "*and,*" which is followed by the recurrence
of the disjunctive " or " between the last two named officers,
discloses but one intent that is consonant with the ordinary
use of plain English. The president and vice-president are
placed in one class; the secretary and treasurer in another.
Each may act for the other in the same category, but only in
conjunction with one from the other class. The absence of
punctuation in this sentence, while not conclusive, throws some
light upon the legislative intent. If there were a semi-colon
or a comma after the word " president," and no other punc-
tuation until after the word " secretary," it might be held to
disclose a purpose to place the president in one class and all
the other officers in another. In the absence of even such
an unreliable guide we can find no reason for doing vio-
lence to the plain import of the context, which is, that either
the president or vice-president may verify with either the
treasurer or secretary. The history of the statute seems to

lend support to this construction. Prior to the enactment of sec. 30, chap. 564 of the Laws of 1890 (the Stock Corporation Law), which went into effect May 1, 1891, but one officer of a manufacturing corporation was required to verify its annual report. This could be done by either the president or secretary. (Sec. 12, chap. 40, Laws 1848, and sec. 12, chap. 510, Laws 1875.) By said section 30 of the Stock Corporation Law, this provision was amended, and the reports were thereafter required to be verified "by the oath of the president and treasurer." The manifest purpose of this change was to secure the careful and responsible co-operation of the two principal officers of the corporation in the preparation of the material statements required to be set forth in the report.

It is not so clear why the legislature extended the right and, in certain contingencies, the duty of verifying annual reports to the vice-presidents and secretaries of corporations. It may have been supposed that the limitation of these duties to the president and treasurer was calculated to create difficulty and embarrassment by reason of the possible absence, disability or refusal to act of one or both of these officers; or because the purposes of the act might be defeated by the combination of the two offices in one man. Whatever may have been the reasons for its enactment, the statute we are considering (Chap. 2, Laws 1892) was again repealed in May, 1892, and the law of 1890, which requires verifications by the "president and treasurer" was restored. (Sec. 34, chap. 687, Laws 1892; sec. 30, chap. 688, Laws 1892.) During the period between January 14, 1892, and May 18, 1892, within which the report was made upon which this action is brought, said chap. 2, Laws 1892, was in force and, therefore, controls this case. (*Bank of Metropolis* v. *Faber*, 150 N. Y. 205.)

If the question of construction which we have been discussing were the only one in the case, we should be content to follow the disposition thereof in the prevailing opinion in the court below. There are, however, other questions to be considered, upon which we are constrained to differ from the learned Appellate Division, and the foregoing expression of

views is given lest, in the further progress of the cases under this statute, our silence may be taken as an indication that the question is still an open one.

It is urged on behalf of the respondent that the verification of the report of 1892 was insufficient, as the affidavit was not signed by the affiant. It appears that this report was made in duplicate as required by the statute. The one which was filed in the office of the clerk of Westchester county was properly signed by the affiant. The one filed with the secretary of state does not contain the affiant's signature. This was clearly the merest oversight. That the report was duly verified is conclusively shown by the duplicate filed with the county clerk. There was no failure to verify, but an obviously inadvertent omission to sign one of the duplicates of the affidavit. The verification was sufficient. (*Bonnell* v. *Griswold*, 80 N. Y. 133.)

We now come to the question whether the verification of the report of 1892 by the president alone was sufficient under the circumstances which existed when the report was made. It is claimed by the appellants that from Nov., 1891, to February 29, 1892, the offices of secretary and treasurer, both of which had been held by the defendant Faber, were vacant, owing to the latter's resignation. It cannot be denied that if the alleged vacancy in these offices has any material bearing upon the question whether Kaldenberg's verification was a sufficient compliance with the law, then there was at least enough evidence for the consideration of the jury, and in that view of the case it was error for the trial court to direct a verdict for the plaintiff. There was evidence that Faber tendered his resignation in a letter which he delivered to the president about Nov. 1, 1891. Assuming this to have been done, Faber's resignation was complete when it was tendered. It was not necessary for him to do more. (*Bruce* v. *Platt*, 80 N. Y. 381; *Briggs* v. *Spaulding*, 141 U. S. 155.) Nor was the validity of his resignation dependent upon its acceptance by the directors (*Chandler* v. *Hoag*, 2 Hun, 613; affd., 63 N. Y. 624) or upon the election of his successor.

It also appeared in evidence that at least seven attempts were made to hold meetings of the board of directors between August, 1891, and February 22, 1892, which were ineffectual for lack of a quorum. The reasons for the non-attendance of the absent directors do not appear, and in such a case as this it is not to be presumed to have been the result of neglect of duty on the part of those who are sought to be charged. Assuming that the directors were diligent in trying to hold a meeting at which the vacant offices could have been filled, but failed through no fault of their own, what more could they have done? They could not compel Faber to withdraw his resignation, nor could they elect his successor without a quorum. It follows that, unless this statute demands the performance of impossibilities, these directors did all that was left to them when a majority of their number signed the report and procured its verification by the president, who was then the only officer of the corporation authorized to perform that act.

The appellants further contend that the verification of the report was sufficient for the reason that Kaldenberg, the president of the corporation, acted as secretary and treasurer from the time of Faber's resignation until his successor was elected.

There is evidence in the case which would support a finding that such was the fact. The question then arises whether a verification under this statute is sufficient where it is made by the president as such, when it contains no reference to the other offices of which he claims to have been the *de facto* incumbent at the time. It is not uncommon for a single individual to hold several offices in a corporation. If this happens to be so in a case when the law requires the incumbent of each office so held to do some act, it follows that it must be done by the same individual. The proper and exact way to perform every such duty which requires a signature or the execution of some legal document is to do so under the name or title of each separate officer whose signature is required. There are cases, indeed, in which this mode of procedure would be indispensable; but there are others in which mere form yields to substance. We think this case is an illustra-

tion of the latter rule.  If, for instance, it had been shown that Kaldenberg held the offices of president, secretary and treasurer in January, 1892 it would be extremely technical to hold that there had not been a substantial compliance with the statute simply because of his failure to add to his signature the title of each office which he filled.  But this is precisely what must be held if the respondent's construction of this statute is to be adopted.  Nothing short of literal performance would satisfy this construction.  Under it no officer could escape the penalties of the statute under any circumstances.  We think that nothing less than an express legislative command should be held sufficient to accomplish any such result.  So long as the rule exists that a substantial compliance with such statutes as this shall be sufficient, it cannot be held that the non-observance of some technical detail which does not affect the substance of the thing required to be done, shall subject honest and diligent officers of corporations to the payment of statutory penalties.  It is said that this amounts to judicial nullification.  Let us see.  What is the purpose of this statute ?  It is to inform the public and those interested in the affairs of corporations of their financial standing and condition from year to year.  When such information has been published and placed on record in the manner and form required by the statute, the directors have done all that was in their power to comply with the law, and the public and those interested in the affairs of the corporation are given all the information to which they are entitled.  The question is not whether some prior or other duty has been neglected ( *Wallace* v. *Walsh*, 125 N. Y. 33), but whether there has been a substantial performance of the one for failure of which the penalty is invoked.

We think it was error to take from the jury the questions whether Faber had resigned and whether Kaldenberg was acting in his stead as secretary and treasurer when the report of 1892 was made.

An affirmative decision upon either or both of these questions of fact would have required the legal conclusion that the

defendants are not liable to the penalties sought to be collected herein. None of the other questions or exceptions raised need to be considered.

The judgment of the court below should be reversed and a new trial granted, with costs to abide the event.

PARKER, Ch. J., GRAY, BARTLETT, MARTIN and VANN, JJ., concur; CULLEN, J., taking no part.

Judgment reversed, etc.