WILLIAM F. ANDERSON, Plaintiff, *v.* THE VILLAGE OF POTSDAM et al., Defendants.

Supreme Court, Warren Special Term, February, 1924.

Statutes — remedial statutes liberally construed — Village Law, § 129 — village water works system — resolution providing that bonds shall be payable in equal semi-annual installments — complaint in action to restrain issuing of bonds dismissed and temporary injunction vacated.

The statute (Village Law, § 129) relating to bonds or other obligations issued to provide for the supply of water and sewers, to the extent that it is directed against the evil of shouldering a bonded indebtedness wholly upon a distant future, is remedial, and should be liberally construed to promote the object of the legislature by suppressing the evils and aiding the remedy.

The statute declares that a resolution duly authorizing a bond issue for the purpose of acquiring and equipping a water works system for a village, " shall provide that such bonds shall fall due in equal annual installments." *Held,* that a resolution which provides that the bonds " shall be payable in equal semi-annual installments " being in accord with the intent, spirit, purpose and reason of the statute, is in conformity therewith even though contrary to the literal meaning thereof.

A motion to dismiss the complaint in an action under section 51 of the General Municipal Law to restrain an issue of bonds by the defendant, authorized at a special village election, for the purpose of acquiring and equipping a water works system, upon the ground that it did not state a cause of action, will be granted, and the temporary injunction vacated.

MOTION to dismiss complaint.

*Thompson & Sanford,* for plaintiff.

*Frank L. Cubley,* for defendants.

ANGELL, J. This action is brought under section 51 of the General Municipal Law to restrain the village of Potsdam and its officials from issuing bonds of the municipality authorized at a special village election for the purpose of acquiring and equipping a water-works system for the village. A temporary injunction has been granted restraining defendants pending the determination of this motion to dismiss the complaint.

The complaint alleges that on July 20, 1923, the board of trustees of the village on the petition of twenty-five or more taxpayers called a special election of the electors to be held on August

3, 1923, and that at said election the following proposition was submitted, and carried: " Shall the Village of Potsdam, New York, be authorized and empowered to borrow a sum of money not exceeding $145,000 upon the bonds of the said Village and dispose of the said bonds at not less than par, which bonds shall bear interest at the rate of 5% per annum, payable semi-annually and be made payable in equal semi-annual instalments of $2,500.00 each on, from and after the first day of April, 1925, said bonds to be dated the 1st day of April, 1924, the principal and interest of such bonds as the same shall become due to be raised by taxation upon the taxable property of the said Village of Potsdam, and expend so much as shall be necessary together with the sum of $30,000.00 now in the hands of the Municipal Board of the said Village of Potsdam for the purpose of acquiring such lands, * * * and facilities as shall be found necessary to establish, install and complete a filtering water system in and for the said Village, the expense of the whole foregoing not to exceed the sum of $175,000.00."

Plaintiff contends that the issue of bonds provided for in this resolution is illegal, in that the principal thereof is made payable in equal semi-annual installments of $2,500, while the only bonds authorized by statute are bonds in which the principal is paid in equal annual installments. This contention is based on section 129 of the Village Law which, so far as applicable, provides: " * * * Bonds or other obligations issued to provide for the supply of water and sewers shall be issued in such amounts and fall due at such times that the principal of the same shall be fully paid in not more than forty annual instalments, the first of which shall become due one year from the date of issuance of same. The amount of each of such annual instalments shall be fixed and be determined by resolution adopted by the board of trustees of such village and shall be stated in the public notice of the election required to be given; and in such resolution the board of trustees shall provide that such bonds shall fall due in equal annual instalments."

It is apparent that the resolution submitted to the taxpayers is not in accord with the strict letter of the statute. The resolution states that the principal of the bonds shall " be made payable in equal semi-annual instalments of $2,500 each," whereas the statute states that such a resolution " shall provide that such bonds shall fall due in equal annual instalments." If, however, the resolution is in accord with the intent of the legislature and with the spirit, purpose and reason of the statute, it is in conformity therewith, even though contrary to the literal meaning of the provision quoted. Thus, in *People ex rel. Wood* v. *Lacombe*, 99 N. Y. 43, 49, the court

said: " In the interpretation of statutes, the great principle which is to control is the intention of the legislature in passing the same, which intention is to be ascertained from the cause or necessity of making the statute as well as other circumstances.   A strict and literal interpretation is not always to be adhered to, and where the case is brought within the intention of the makers of the statute, it is within the statute, although by a technical interpretation it is not within its letter.   It is the spirit and purpose of a statute which are to be regarded in its interpretation; and if these find fair expression in the statute, it should be so construed as to carry out the legislative intent, even although such construction is contrary to the literal meaning of some provisions of the statute."

In *Manhattan Co.* v. *Kaldenberg,* 165 N. Y. 1, 7, it was held: " In construing statutes the proper course is to start out and follow the true intent of the legislature, and to adopt that sense which harmonizes best with the context and promotes in the fullest manner the apparent policy and objects of the legislature."

The rule applicable was tersely stated by Lincoln, in his First Inaugural Address, thus:  " The intention of the lawgiver is the law."   In this instance what was the intention of the legislature — the lawgiver?   What was the " cause or necessity of making the statute? "   Formerly the law permitted a municipality to provide for a bond issue without regard to when the issue should be payable. The vicious practice was adopted in some municipalities of postponing the due date of bonds so that the entire burden of their redemption was placed upon future generations.   Sometimes the bonds were all made payable simultaneously at some distant future date.   At other times they were made payable in installments, but the first installment was due at a distant future date.   To correct this evil the legislature provided, some years since, that the first of the bonds must be payable five years from the date of issue and the balance in annual installments, the amount of the installment being left to the municipal authorities.   This attempt at correction of the evil still left abuses possible, so that the legislature, by a further amendment adopted in 1923 (Chap. 561), provided that the first installment of such bonds should be payable one year from the date of issue, and the balance in equal annual installments, and that the whole issue should be paid in not more than forty years.   Thus the intent of the legislature is unmistakable.   It intended to provide that the burden of bond issues should begin to be borne immediately by the generation authorizing the issue; that the burden should not extend more than forty years, and that payment should be distributed equally over the forty years.   Provided these requirements are met, details of the manner of payment are

unimportant. It is not reasonable to believe that the legislature took thought as to what time in the year the installments should be paid, or whether the amount of principal payable each year should be paid quarterly, semi-annually or annually, provided always that an equal amount of the issue is paid each year.

Since this statute is directed against the evil of shouldering a bonded indebtedness wholly upon a distant future, it is to that extent a remedial statute. As such it should be interpreted liberally so as to promote the object of the legislature by suppressing the evils and aiding the remedy. 36 Cyc. 1174. Unquestionably the portion of the statute requiring an equal amount of the bond issue to be paid annually is mandatory. But the provision which, under a strict literal interpretation, would seem to require each annual installment to be due and payable at one time, is not mandatory. Whether the amount due each year is payable at one time or at several times during the year, is an immaterial matter, as to which compliance with the statute is a matter of convenience rather than substance. The direction of the statute in this regard is merely given with a view to the orderly conduct of the business of the municipality, and, therefore, the provision in that respect may be regarded as directory only. 36 Cyc. 1158. It is clearly immaterial, as a matter of substance, whether the amounts to be paid each year are paid in one installment or in several. The intent and purpose of the legislature is met by the payment of a stated amount each year, whether paid all at one time, or quarterly, or each six months. This is a detail left to the convenience of the municipality. The intention of the lawgiver being the law, there is as complete compliance with that intention by a provision calling for semi-annual payments of principal as there would be by a provision for annual payments.

Further objection is raised that the resolution submitted to the taxpayers proposed to meet the estimated cost of the improvements by the issue of bonds, and also by the use of moneys on hand; that this constituted two propositions which, under section 106 of the Election Law, should have been separately stated so as to be voted on separately. This contention is without merit. The proposition all relates to the one question of a water supply. It would be impossible to submit separately the question of the issuance of $145,000 of bonds, and the use of $30,000 in the hands of the municipal board. To do so would be to make possible the carrying of one proposition and the defeat of the other. The defeat of either would destroy the whole purpose of the resolution. The bond issue in itself was not sufficient. The appropriation of the money in the hands of the municipal board was also necessary

Defendants realized the necessity of both sources of money to make the improvements proposed, and properly submitted the whole as one proposition.

The other objections raised by the complaint to the resolution submitted to the taxpayers are equally untenable. The resolution properly submitted the questions to be determined. This being true, plaintiff's complaint does not state a cause of action. The temporary injunction is vacated and the complaint dismissed.

Judgment accordingly.