**526**    People ex rel. Babcock Co. *v.* Law.

Third Department, May, 1924.    [Vol. 209

---

The People of the State of New York ex rel. H. H. Babcock. Company, Relator, *v.* Walter W. Law, Jr., and Others, as and Constituting the State Tax Commission of the State of New York, Respondents.

Third Department, May 8, 1924.

Taxation — corporation income tax — tax base for tax for year beginning November 1, 1919, of corporation whose fiscal year ends on July thirty-first, is fiscal year August 1, 1917, to July 31, 1918 — Tax Law, § 209, and § 211, as amended by Laws of 1918, chapter 417, construed.

The tax base for the purpose of determining the corporation income tax for the year beginning November 1, 1919, of a corporation whose fiscal year ends on July thirty-first is. under the Tax Law, section 209, and section 211, as amended by chapter 417 of the Laws of 1918, the fiscal year beginning August 1, 1917, and ending July 31, 1918.

The statute, after the amendment of 1918, was intended to mean that the report to the State Tax Department must be of income for the fiscal year next preceding July first, and also must be filed on or before July first of each year; but, if the report for the fiscal year to the Federal government for income tax is not

made by July first, then the report to the State Tax Commission may be made within thirty days after the report to the United States Treasury Department for that year has been made.

CERTIORARI issued out of the Supreme Court and attested on the 9th day of May, 1921, directed to M. J. Walsh and others, predecessors in office of Walter W. Law, Jr., and others, constituting the State Tax Commission of the State of New York commanding them to certify and return to the office of the clerk of the county of Albany all and singular their proceedings had in assessing a franchise tax based on income upon the relator under article 9-A of the Tax Law, for the year beginning November 1, 1919.

*Rearick, Dorr, Travis & Marshall* [*A. C. Rearick, G. H. Dorr, O. A. Stumpe* and *A. O. Dawson* of counsel], for the relator.

*Carl Sherman, Attorney-General* [*C. T. Dawes, Deputy Attorney-General,* of counsel], for the respondents.

VAN KIRK, J.:

The petitioner is a domestic manufacturing corporation. The tax under review is for the year beginning November 1, 1919. The relator's business or fiscal year closed July thirty-first. On October 21, 1919, the relator made to the State Tax Department its report for its fiscal year ending July 31, 1919, which report showed the net income to be $22,473.96. This report was returned to relator with the demand that the relator make report for its fiscal year ending July 31, 1918. Relator, under protest, on May 6, 1920, complied with this demand and showed the net income to be $434,394. On May 25, 1920, the tax was assessed upon this latter net income and it was thereafter paid under protest. Relator then within the time limited made application for a revision and readjustment of the tax, which was refused.

The question is whether the tax base is the net income for the year ending July 31, 1918, or for the year ending July 31, 1919. The State claims that the tax base year is the fiscal or calendar year next preceding July first each year; and the relator claims that it is the year next preceding November first each year.

The Tax Law (Art. 9-A, as added by Laws of 1917, chap. 726) provided by section 209 in 1917: " For the privilege of exercising its franchises in this State in a corporate or organized capacity every domestic manufacturing and every domestic mercantile corporation * * * shall annually pay in advance for the year beginning November first next preceding an annual franchise tax, to be computed by the Tax Commission upon the basis of its net income for its fiscal or the calendar year next preceding, as hereinafter provided, upon which income such corporation is required to pay

**528**          People ex rel. Babcock Co. *v.* Law.

Third Department, May, 1924.                    [Vol. 209

a tax to the United States." It was thereinafter provided by section 211: "Every corporation taxable under this article  *  *  * shall annually on or before July first transmit to the Tax Commission a report in the form prescribed by the Tax Commission specifying:  *  *  * 2. The amount of its net income for its preceding fiscal or the preceding calendar year as shown in the last return of annual net income made by it to the United States Treasury Department.  *  *  *." And by section 219-c: "The tax hereby imposed shall be paid to the State Comptroller on or before the first day of January of each year." The words "next preceding" as first used in section 209 refer to the November first preceding the time when the tax is payable; that is, preceding January first of each year. The second use of these words is in form "next preceding, as hereinafter provided" (that is, as provided in sections 211 and 219-c) and means next preceding July first of each year. This was the accepted construction of the statute before the amendment of 1918 hereinafter referred to. This relator under this statute made its report of income for the fiscal year which had ended on July thirty-first preceding the July first on which its report must be filed; that is, for the tax year beginning November 1, 1917, it made its report for the fiscal year ending July 31, 1916, and for the tax year beginning November 1, 1918, it made its report for the fiscal year ending July 31, 1917.

By the Laws of 1918 (Chap. 417) section 211 was amended to read as follows: "Every corporation taxable under this article  *  *  * shall annually on or before July first, or within thirty days after the making of its report of net income to the United States Treasury Department for any fiscal or calendar year, transmit to the Tax Commission a report in the form prescribed by the Tax Commission specifying  *  *  *." The relator bases its contention in this case solely on the words of this amendment, "or within thirty days after the making of its report of net income to the United States Treasury Department." Prior to the reporting date herein as prescribed by the statute the foregoing sections had been also amended by chapters 271 and 276 of the Laws of 1918 in aid of administration detail. Such sections had also been amended by chapter 628 of the Laws of 1919, but the provisions of section 211 as hereinbefore quoted were re-enacted, except that the term "entire net income" was substituted for the term "net income." Relator claims that, although its fiscal year ends on July thirty-first of each year, it may still, for the tax year beginning November 1, 1919, make its report of income for the fiscal year ending July 31, 1919, the result of which would be that the income in the fiscal year ending July 31, 1918, would not be the base of any tax.

It is held in mind that, although the amendment of 1918 which the relator now seizes upon was in effect when it made its report for the tax year beginning November 1, 1918, it filed its report of income for its fiscal year ending July 31, 1917; thus in that year adopting the construction of the amended statute which the State now contends for.

It cannot be said that, after the amendment of 1918, the meaning of the statute is unambiguous. We must determine then the intent of the Legislature. " In construing statutes the proper course is to start out and follow the true intent of the Legislature, and to adopt that sense which harmonizes best with the context and promotes in the fullest manner the apparent policy and objects of the Legislature." (*Manhattan Co.* v. *Kaldenberg,* 165 N. Y. 1, 7.) In our view the statute, after the amendment of 1918, was intended to mean that the report to the State Tax Department must be of income for the fiscal year next preceding July first and also must be filed on or before July first of each year; but, if the report for the fiscal year to the Federal government for income tax had not been made by July first, then the report to the State Tax Commission may be made within thirty days after the report to the United States Treasury Department for that year has been made. There was a substantial reason for the amendment as so construed. The corporation report for this tax could not be made to the State Tax Department until its report to the Federal Treasury Department for the income tax had been made. The preparation of these reports requires time and the Federal Treasury Department may extend the time of any taxpayer for the filing of its report. It may be presumed that such extension of time is only granted when reasonably necessary. Let us suppose that the fiscal year ended on June thirtieth. Evidently reports for that year could not be made before July first; still the fiscal year ended before July first; and thus it is the report for that year which must be the base of the tax. Very likely if the fiscal year of a corporation ended a month or two months before July first the corporation, at times, could not prepare and file its reports before July first. Still a date for determining which year is the tax base year must be fixed. The Legislature fixed July first for this purpose and then provided relief by this amendment of 1918 to those who could not comply with the requirements of the statute. In fixing the date on or before which the report to the State Tax Department must be made it was intended that a reasonable time should be given after the close of a fiscal year or calendar year; so that all reports could be filed and all proceedings completed and the tax assessed and paid on or before

34

**530**        People ex rel. Babcock Co. *v.* Law.

Third Department, May, 1924.        [Vol. 209

January first following the November first of a tax year. This date, July first, is convenient for most corporations. It is convenient for those corporations whose fiscal year coincides with the calendar year and for those corporations whose fiscal year ends a sufficient length of time before July first to permit compliance with the statute prior to that date. Also section 211, after the amendment of 1918, supports our construction. The amendment of 1918 did not materially affect subdivision 2 of that section, which, after the amendment, requires the report to specify " the amount of its net income for its preceding fiscal or the preceding calendar year as shown in the last return of annual net income made by it to the United States Treasury Department." The preceding fiscal year can only mean the fiscal year ending last prior to July first. If it meant the year preceding the last return of net income made to the United States Treasury Department there would be constant confusion in determining the identity of the tax base year. By chapter 640 of the Laws of 1920 section 211 was amended to read: " Every corporation taxable under this article * * * shall annually on or before July first, or within thirty days after the making of its report of entire net income to the United States Treasury Department for any fiscal or calendar year, preceding said first day of July, transmit * * *." The words "preceding said first day of July" are the amendment. This amendment fixes the date for determining the tax year as it was determined before the aforesaid amendment of 1918, and it is fairly to be understood that the Legislature realized that the language used in the amendment of 1918, which was substantially re-enacted in the amendment of 1919, did not clearly express its intent, and that this amendment of 1920 was not to correct a mistake, but to clarify the statute.

If we should accept the relator's contention, the amendment of 1918 would change the tax base year for relator during two years only and the net income for the year ending July 31, 1919, would be the tax base for two years' taxes — those of 1919 and those of 1920. The tax base year of corporations generally would not be changed. Also, still entertaining relator's contention, let us assume that a taxpayer's fiscal year ended October 31, 1919. The income for that fiscal year would then furnish the tax base for the tax of 1919. The taxpayer would have, subject to a reasonable extension of time, until the fifteenth day of the third month after October thirty-first, or until January 15, 1920, in which to file its Federal income tax report (Federal Revenue Act of 1918 [40 U. S. Stat. at Large, 1075], § 227; Federal Revenue Act of 1918 [40 id. 1082], § 241), and thirty days thereafter, namely, until at least February 14, 1920, in which to file its report for this State franchise tax; and it would be

impossible to pay the tax on or before January 1, 1920, as our Tax Law requires.

In our view the construction we place upon the statute follows the true intent of the Legislature and harmonizes best with the context of the statute and promotes in the fullest manner the apparent policy and object of the Legislature.

The determination of the State Tax Commission should be confirmed, with fifty dollars costs and disbursements.

Determination unanimously confirmed, with fifty dollars costs and disbursements.