## STATE BOARD OF PHARMACY v. BRONSON.

### (Supreme Court, Appellate Term. December 16, 1908.)

1. DRUGGISTS (§ 11*)—PENALTIES—ACTIONS.

　　Laws 1900, p. 1479, c. 667, § 197, subd. 1, provides that, unless otherwise prescribed for, all pharmaceutical preparations sold in a pharmacy, etc., shall be of the standard strength, and quality established by the latest edition of the United States Pharmacopœia, and section 201, subd. 4 (page 1483), provides that any one violating the provisions of the article shall forfeit to the state board of pharmacy $25. The state board brought an action against defendant charging him with selling camphor liniment containing only 13.4 per cent. of camphor, instead of 20 per cent. The formula in the Pharmacopœia prescribed the mixture of so many grammes of camphor and oil, but it was shown that, if the formula was followed exactly, the liniment would contain less than 20 per cent. camphor because of evaporation during the process, and that it would further evaporate if left exposed. *Held*, that the penalty should be imposed only where there was a failure to comply with the formula when the preparation was compounded.

　　[Ed. Note.—For other cases, see Druggists, Dec. Dig. § 11.*]

2. DRUGGISTS (§ 11*)—REGULATION—STATUTES—CONSTRUCTION.

　　Laws 1900, p. 1483, c. 667, § 201, subd. 4, providing that any one violating the provisions of the article relating to pharmacy and the duties and liabilities of pharmacists, etc., shall pay a penalty of $25 to the state board of pharmacy, is penal, and must be strictly construed.

　　[Ed. Note.—For other cases, see Druggists, Dec. Dig. § 11.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by the State Board of Pharmacy against William Chapman Bronson. From a judgment for plaintiff, defendant appealed. Reversed, and new trial ordered.

Argued before GIEGERICH, HENDRICK, and FORD, JJ.

Albert Van Winkle, for appellant.
Heironimus A. Herold, for respondent.

GIEGERICH, J.  The defendant was charged with selling a preparation designated in the Pharmacopœia as "camphor liniment," but popularly known as "camphorated oil," containing only 13.4 per cent. of camphor, instead of 20 per cent., and a judgment of $25, the penalty imposed by the statute (chapter 667, p. 1483, § 201, subd. 4, Laws 1900), was rendered against him.

Subdivision 1, § 197, p. 1479, of the act, is as follows:

"Adulteration or substitution of drugs, chemicals and medicines:—Unless otherwise prescribed for, or specified by the customer, all pharmaceutical preparations, sold or dispensed in a pharmacy, dispensary, store or place, shall be of the standard strength, quality and purity, established by the latest edition of the United States Pharmacopœia."

The only thing contained in such Pharmacopœia on the subject is the formula for making the preparation which is to take 200 grammes of camphor and 800 grammes of cotton seed oil and combine and treat them in a manner prescribed in the formula.

It was conceded by the plaintiff's expert that camphor is a volatile substance, and that, if the formula were followed exactly, the resulting product would fall somewhat below the standard of 20 per cent. because of the evaporation of the camphor during the process.  The same witness stated that he had experimented, and found that the preparation in question in a period of five months showed a loss of 1 per cent. during which period he allowed the stopper to remain out of the bottle sometimes for two or three hours at a time; but he did not say how many times nor how long in the aggregate.  How long it would take, if the stopper were left out of the receptacle containing the preparation, to produce a loss of about 7 per cent., and so run the percentage of camphor down to the figures testified to in this case, is not shown.  For all that appears, the carelessness of a clerk in leaving the stopper out and a failure to discover such omission for a day or two might produce the result testified to in this case.  My conclusion is that there was not enough shown in this case to warrant the imposition of the penalty, even if it be conceded, which is not clear, that it was intended by the statute that the penalty should apply in the case of volatile drugs where the Pharmacopœia fails to establish any "standard of strength, quality, and purity" of the product, but only gives a formula for its compounding.

It should be remembered that this is an action to enforce a penalty, and that the statute must be strictly construed.  Manhattan Co. v. Kaldenberg, 165 N. Y. 1, 58 N. E. 790.  Before prosecutions are attempted in such cases as this, either the statute or the Pharmacopœia should be so amended as to make the intent plain, and perhaps leave some latitude by establishing a maximum and a minimum limit.  As it stands now, a druggist who scrupulously followed the formula would obtain a product somewhat less than 20 per cent. strong in camphor and might be prosecuted and fined for a sale made the next instant. If he attempted to be on the safe side by using more camphor than the formula directed, there would be a corresponding deficiency in oil, and, strictly speaking, there would then be a variance in the quality of his product from the proportions fixed by the formula.  In the

present condition of the statute and the Pharmacopœia, the penalty should be imposed only where it is shown that there was a failure to comply with the formula at the time the preparation was compounded.

Judgment should therefore be reversed and a new trial ordered, with costs to the appellant to abide the event. All concur.