STATE BOARD OF PHARMACY v. MALKIN.

(Supreme Court, Appellate Division, Second Department. April 22, 1910.)

1. DRUGGISTS (§ 11*)—PENALTIES—STATUTES—CONSTRUCTION.

Since the object of Public Health Law (Consol. Laws, c. 45) § 235, requiring all pharmaceutical preparations sold in a pharmacy to be of the standard strength established by the United States Pharmacopoeia, is to keep pharmaceutical preparations up to the standard, at the time of sale, the rule that a penalty for a violation will not be imposed where the preparation was actually compounded according to the standard, and a change in the proportions of the mixture took place subsequently by the partial evaporation of its volatile elements, must be kept within reasonable bounds, and, where the loss in an element may so increase the relative strength of the other elements as to impair seriously the purpose for which the preparation is intended, the fact that the preparation sold months or years after its original compounding complied with the law when compounded did not excuse liability where the preparation did not comply with the standard when sold.

[Ed. Note.—For other cases, see Druggists, Dec. Dig. § 11.*]

2. DRUGGISTS (§ 11*)—PENALTIES—ACTIONS—EVIDENCE.

Evidence in an action against a druggist for selling camphorated oil containing a less proportion of camphor than required by the standard formula held to sustain a finding for defendant.

[Ed. Note.—For other cases, see Druggists, Dec. Dig. § 11.*]

Appeal from Municipal Court, Borough of Brooklyn, Seventh District.

Action by the State Board of Pharmacy against Asa Malkin. From a judgment of the Municipal Court dismissing the complaint on the merits, plaintiff appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and BURR, THOMAS, RICH, and CARR, JJ.

Jerome Steiner and Joseph H. Kohan, for appellant.
Robert S. Conklin, for respondent.

CARR, J. The plaintiff sued to recover from the defendant, who owned a pharmacy in the borough of Brooklyn, a penalty for a violation of the public health law (Consol. Laws, c. 45). Section 235 of that statute provides as follows:

"(1) Unless otherwise prescribed for, or specified by the customer, all pharmaceutical preparations, sold or dispensed in a pharmacy, dispensary, store or place, shall be of the standard strength, quality and purity, established by the latest edition of the United States Pharmacopoeia."

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The defendant's clerk sold to an inspector of the plaintiff a small quantity of camphorated oil. A chemical analysis of the stuff so sold showed that it contained but 14.27 per centum of camphor. The standard, as shown by the pharmacopœia, is 20 parts of camphor to 80 parts of cottonseed oil; or, in other words, 20 per cent. of camphor to 80 per cent. of oil. The defendant offered proof to show that the article had been compounded but a few weeks before the sale, and that the formula prescribed by the pharmacopœia had been followed in the compounding. The loss in the percentage of camphor was sought to be accounted for by proof that camphor was a volatile substance, which would continue to evaporate to some degree from the opening of the bottle in which the mixture was held, as sales were made from time to time, and which were made with great frequency. The court found judgment for the defendant. This case is practically the same as that before the Appellate Term in State Board of Pharmacy v. Bronson, 113 N. Y. Supp. 490. There the learned court held that, under this statute, where the pharmaceutical preparation in question is volatile in nature, a penalty should not be imposed where it is shown that the preparation was actually compounded according to the standard of the pharmacopœia, and a loss in the proportions of the mixture took place subsequently in the partial evaporation of one or more of the volatile elements. This is a reasonable rule, if it be kept within reasonable bounds. The plain object of the statute is to keep pharmaceutical preparations at the time of their sale up to a standard of "strength, quality and purity." The efficiency of the preparation may depend upon the proportions of the elements combined. If some of these elements are volatile, there may be some loss in their proportions even in a very short time. Where that loss is insubstantial, no just complaint can be made. At the same time, the loss in one element may so increase the relative strength of the other elements as to impair seriously the purpose for which the preparation is intended to be used, in which case it should not be enough to show that a preparation sold months or years after its original compounding complied with the law when compounded, although it did not comply with the law when it was sold. The statute looks rather to the time of the sale, for it was framed for the protection of the public in the use of the article sold. A pharmaceutical preparation may be so stale as to be comparatively useless. We do not feel justified in the case at bar in interfering with the finding of fact made by the trial court. According to the defendant's proof, the article in question was compounded correctly a few weeks before its sale, and, according to the plaintiff's proof, there could have been no appreciable loss by volatilization of the camphor in so short a time. If so, then either the analysis of the plaintiff was incorrect or the testimony of the defendant's witness was untrue, and there was a question of fact to be determined upon conflicting evidence. On the record before us, we feel that we should not interfere with the determination of this question made by the Trial Court.

The judgment of the Municipal Court is affirmed, with costs. All concur.